PER CURIAM.
The sole ground upon which relators apply to this court for relief under its supervisory jurisdiction is based upon the refusal of the trial court to allow them a reasonable time within which to file an application for supervisory writs to review the ruling of the trial court refusing to grant a continuance of the trial on the merits.
These consolidated cases had been fixed for trial on the merits for 10:00 a. m. on November 8, 1961. The relators filed a motion for continuance at 4:30 p. m. on November 7, alleging as ground therefor the unavailability of a material witness. The motion for continuance was heard at 9:30 a. m. on November 8, and the lower court denied such motion. The relators then served written motion of their inten *416 tion to apply for supervisory writs, and further requested the trial court to stay all proceeding's below pending such application. The trial court denied the request for the stay, and, after a brief recess, proceeded to the trial of the main cause on the merits.
Under Rule XII, Section 2, Uniform Rules of the Courts of Appeal, 8 LSA-R.S., the party intending to apply for remedial writs shall give the trial judge and other respondents “such notice as may he deemed necessary to stay further proceedings pending the application for the writ.” The Louisiana Supreme Court interpreted this identical wording contained in a former version of its rules as not requiring the automatic granting of a stay by the trial court upon an application for supervisory writs. Roumain v. Moody, 225 La. 187, 72 So.2d 473; Noted 15 L.L.R. 394-398 (1955).
' As our Supreme Court there stated:
“ * * * it is within the sound discretion of the trial judge to determine whether or not the proceedings during the course of a trial being had before him should be stayed while the litigant complaining of an adverse ruling seeks writs to this court, and * * * it is also within the sound discretion of the trial judge to determine and fix the time within which such application should be made, and * * * it is only when there has been a clear abuse of that discretion that this court will interfere, and, even then, only when it is shown that the abuse of that discretion will result in irreparable injury to the complaining party.”
 The present pleadings do not show any clear abuse of the trial court’s discretion. If the relators should sustain any prejudice as a result of the trial court’s refusing a continuance, they have an adequate remedy by appeal.
Application denied.