193 So.2d 532 (1966)
Mrs. Robert K. GRYDER
v.
TRAVELERS INSURANCE COMPANY et al.
No. 6853.
Court of Appeal of Louisiana, First Circuit.
December 28, 1966.
*533 Rhodes & Hunter, Berwick, for appellant.
Robert L. Morris, of O'Neal & Waitz, Houma, for appellees.
Before LANDRY, ELLIS and BAILES, JJ.
LANDRY, Judge.
This appeal is by Mrs. Robert K. Gryder (appellant), individually and as natural tutrix of her two minor children, Belinda Kay and Paula Elaine, from the judgment of the trial court rejecting and dismissing plaintiff's demands against defendants, Travelers Insurance Company (Travelers) and its omnibus insured, Herbert F. Kreamer, for damages for the alleged wrongful death of Robert K. Gryder, deceased, husband and father of petitioners, respectively, pursuant to a jury verdict in favor of defendants. Appellant alleges reversible error in that (1) The trial court refused to give the jury certain instructions requested on behalf of plaintiff; (2) The trial court gave certain misleading instructions to the jury; (3) The record fails to include a copy of the judge's instructions to the jury; (4) The trial court repeatedly commented upon the evidence in the presence of the jury thereby prejudicing plaintiff's causes. Our review of the record discloses the specifications of error urged by appellant are without legal foundation.
It suffices for disposition of the present matter to relate that decedent was killed in an intersectional collision involving a 1963 Ford automobile being driven by decedent and an International truck and trailer being operated by Kreamer. The accident occurred at the junction of Barrow and Honduras Streets, Houma, Terrebonne Parish, Louisiana.
Appellant's first and second contentions, namely, that the trial court refused to give *534 requested instructions and rendered misleading instructions to the jury, may be considered and disposed of at one and the same time.
The instructions which the trial court refused to impart to the jury in effect would have advised the jury that as a matter of law a person is presumed to act in such manner as will not unnecessarily expose him to danger and that the instinct of self-preservation is such as to motivate an individual to exercise due care. In addition, the requested instructions would have informed the jury that the burden of proving contributory negligence rests upon the defendant. Further the tendered instructions would have counseled the jury that decedent, being unable to be present in court and testify in his own behalf, is presumed to have obeyed the law. Finally, the offered instructions would have charged the jury that it must be presumed decedent did not intend to commit suicide by deliberately exposing himself to a known danger, but on the contrary, it is to be assumed decedent did everything within his power to protect his life. While appellant urges that certain misleading instructions were given, no particular instruction is alluded to as being misleading nor is it stated or specified in what respect appellant was prejudiced thereby.
The record discloses that upon being presented the requested special instructions, the trial court declined to give said instructions because he was of the opinion the general instruction or charge which the court proposed to give the jury was sufficiently broad and comprehensive to cover the issues raised by the testimony of record. It further appears from the record that following the refusal of the trial court to give the requested special charges, counsel for appellant announced he was "now ready for argument." Upon conclusion of the argument, the jury retired to consider its verdict. At no time during the trial did counsel for appellant object either to the refusal of the lower court to give the requested instructions or to the general charge actually rendered.
The answer to appellant's first two propositions lies in the provisions of LSA-C.C.P. Article 1793, which reads as follows:
"At the close of the evidence or at an earlier time during the trial as the court reasonably directs, a party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury.

A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury." (Emphasis ours.)
Under the plain, clear and unambiguous provisions of the hereinabove cited statute, the litigant who fails to comply with its terms waives his rights to complain of the giving of an improper instruction or the failure to render a requested special charge. To preserve his right to appeal the failure to give a requested instruction or the giving of an improper instruction by a trial court, the litigant adversely affected must enter objection into the record before the jury retires to consider its verdict. In addition, he must enter of record the specific matter to which objection is made and the grounds for such objection. It has been held, and we think correctly so, that failure to observe the mandate of the applicable codal provisions forfeits the right to complain upon appeal of any injury resultant therefrom. Katz v. Insurance Company of North America, La.App., 150 So.2d 879. Appellant, having failed to comply with the provisions of LSA-C.C.P. Article 1793, may not now complain of the trial court's error, if any exists.
*535 Moreover, with respect to the contention the trial court gave misleading instructions, we note the failure to point out any certain charge or charges or particularize the alleged manner in which they were defective. Under such circumstances, there is nothing for the court to consider on appeal.
Regarding appellant's contention the record does not contain the trial judge's charge to the jury we note that LSA-C.C.P. Article 1791 states:
"After the trial of the case and the presentation of all the evidence and arguments, the court shall charge the jury in accordance with law. This charge shall be in writing or recorded in the same manner as testimony taken in the case."
From the foregoing its does not appear that the statute mandatorily requires that the written charge or instruction read by the trial court be incorporated bodily into the record of the case. The applicable article states only that either the charge be in writing and read to the jury or, if given orally without the benefit of a written charge, that it be taken down and entered in the record in the same fashion as the testimony of witnesses who appear during the trial. It would seem therefore that for trial purposes, it suffices that the trial court prepare a written charge and read same to the jury as was done in the case at bar.
Obviously the charge given by the trial court constitutes an indispensable part of the record in a civil jury trial wherein the charge administered is attacked on appeal as being either deficient or improper in some respect. In such circumstances, unless the reviewing tribunal has access to the charge complained of, it cannot adjudge the merits of an issue relating to the charge. Consequently, it appears that while the law does not specifically so require, the better practice would seem to dictate inclusion of the written charge into the record at some point prior to conclusion of the trial. Such procedure would make the written charge available upon appeal without the necessity of a remand or other procedural step to accomplish such result.
In any event, in the present case it appears that following lodging of the appeal in this court, the clerk of the trial court completed the present record by forwarding a copy of the trial court's written charge to this court and said charge now forms part of the record in this case. Said circumstance considered, appellant's complaint that the record does not contain the charge is now moot.
While counsel for appellant charges the trial court improperly commented upon the evidence numerous times during the trial, only two such alleged occurrences are mentioned in counsel's brief.
The first alleged comment concerned remarks by the court in ruling upon an objection by counsel for appellant to the following questions asked a witness for the purpose of establishing the direction and speed of the Gryder vehicle prior to the accident:
"Q What did you find as a result of your investigation that the Gryder vehicle was doing? What had the Gryder vehicle been doing prior to the accident?
A He was travelling South on Barrow Street.
Q Were you able to ascertain at what rate of speed?
MR. RHODES:
I'm going to object to that question what the Gryder automobile was doing immediately prior to the collision for two reasons. No. 1, this officer hasn't qualified as an expert either in the field of traffic investigator or as a traffic analysist and reconstructionist, and that he is (sic) isn't competent to testify as to *536 what each vehicle was doing prior to the time of the collision.
MR. WAITZ:
I'll rephrase the question.
THE COURT:

He's competent to testify as to what he saw, and, of course, you don't have to be an expert to see in what direction a vehicle was travelling. Now, when it comes down to his attempting to estimate speed he would have to be qualified as an expert and indicate a background of experience that would warrant his being in a position to reach a conclusion. I'm not an expert, but I could go out there and tell you which direction a car was going. It doesn't take an expert to do that. The scene itself, you can see from your findings on the scene. (Emphasis by the Court.)
MR. RHODES:
But that hasn't been established, Your Honor.
THE COURT:
There has been a lot of testimony."
The foregoing remarks of the trial court do not constitute a comment upon the evidence as suggested by counsel for appellant. It is obvious that the aforesaid observations are nothing more than the discharge of the trial court's duty of passing upon the qualifications of a witness to testify to particular facts and circumstances. The remarks were well within the scope of the trial court's authority to adjudge the competency of a witness to testify regarding a particular facet of the case.
The record discloses that following the accident defendant Kreamer did not go to decedent's assistance but rather went to a telephone to summon the police. In response to questions by counsel for appellant, on cross-examination Kreamer explained his failure to go to decedent's aid by stating that he was aware other motorists in the vicinity were attending to decedent. In this respect the record reveals the following interrogation and remarks by the trial court:
"Q There were people on your left and your right?
A Not on my left my right.
Q There were people on your right?
A Yes, sir, cars stopped.
Q Are they witnesses? Did they see the accident?
A I don't know, sir.
Q Did you talk to them?
A No, sir.
Q And they were on the right side of your truck at the time of the collision?
A Yes, sir.
Q And they stopped, is that correct, sir?
A They was stopped.
* * * * * *
Q And you tell us now that there were some on the right hand side of your truck, is that correct?
A Some people. I don't know where the people come from.
* * * * * *
MR. RHODES:
Q This afternoon when I asked the question with reference to whether or not there were any witnesses you said no, and now you tell me that there are witnesses.
A I mean they never told me and they went away after.

*537 Q But they were alongside your truck.
MR. WAITZ:
He didn't say they were alongside his truck.
THE COURT:

He indicated not that they were alongside his truck but there were possibly some cars that had stopped for the traffic light that were toward his right and if they were toward his right they would not have been alongside, they would have been on Barrow Street. (Emphasis by the Court.)
MR. RHODES:
Were there any cars stopped for traffic on Barrow Street to your right?
A Yes, sir."
Conceding the foregoing remarks of the trial court constitute a comment on the evidence to the extent the court undertook to summarize certain statements of the quoted witness, nevertheless counsel for appellant fails to point out wherein such comment was prejudicial to appellant's cause. Our analysis of the comment in question reveals it to be a mere summation by the court of the testimony of a witness regarding an inconsequential issue, namely, the source from which decedent received aid following the accident. Manifestly, comment of such nature could not possibly prejudice the jury with respect to any material aspect of the case.
While we find no case so holding in our own jurisprudence, it is a well established general rule of law obtaining in other jurisdictions that mere casual remarks or comments by a trial judge in a jury case which do not tend to excite prejudice or hostility on the part of the jury toward one of the parties litigant, or sympathy for the other, are not improper and do not constitute ground for reversal. Volume 88 C.J.S. Verbo Trial, § 49 b (1), page 126. We hold therefore said comment is not ground for reversal of the judgment rejecting appellant's demands.
Accordingly, the judgment of the trial court is affirmed at appellant's cost.
Affirmed.