397 So.2d 8 (1981)
Charles L. HELAIRE, Plaintiff-Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY et al., Defendants-Appellees.
No. 8114.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1981.
Rehearing Denied April 27, 1981.
Writ Denied June 12, 1981.
*9 Watson, Murchison, Crews, Arthur & Corkern, William P. Crews, Jr., Natchitoches, for plaintiff-appellant.
Bolen & Erwin, Gregory S. Erwin, Alexandria, for defendants-appellees.
Before CULPEPPER, FORET and SWIFT, JJ.
SWIFT, Judge.
The plaintiff, Charles L. Helaire, has appealed an adverse judgment rendered following a special verdict of the jury as to his claims against the defendants, William D. Nelson, his employer, Dee Explorations, Inc., and their insurer, Liberty Mutual Insurance Company, for damages allegedly resulting from an automobile-truck accident.
At approximately 7:30 A.M. on November 11, 1978, a rainy and foggy day, plaintiff *10 was proceeding in his automobile in a northerly direction on Old River Road just outside the city limits of Natchitoches, Louisiana. The road surface was a pebbly blacktop with no center line marking. Helaire's son-in-law, Renerick Dwayne Ladkins, was following some distance behind him in another vehicle.
As plaintiff approached the southern end of a curve to his left a truck owned by Dee Exploration and driven by Nelson in the course of his employment was coming out of the curve from the north. The left front end of the truck collided with the left front end of the automobile.
Helaire contends that Nelson crossed the center of the highway and the impact occurred in plaintiff's lane. Defendants contend the opposite, denying negligence on the part of Nelson but pleading contributory negligence of plaintiff in the alternative.
Four days before the trial date Liberty Mutual and an erroneously named defendant filed a motion for a continuance. It was denied, but the trial judge granted defendants "a continuance ... until such time as the application for supervisory writs... by the defendants herein is acted upon." This court subsequently denied the application.
At the conclusion of the trial the case was submitted to the jury and it brought in the following verdict:

"RESPONSIVE VERDICTS
"1. We, the Jury, find that the cause of the accident was:
A. Negligent act of Charles L. Helaire
 __________Yes ___________No
B. Negligent act of William D. Nelson
 __________Yes &check; No
"If you find Charles L. Helaire was negligent and such negligence contributed to the accident your verdict will be:

"VERDICT FOR DEFENDANT
"If you find William D. Nelson was negligent and such negligence caused the accident and resulted in injuries to Charles L. Helaire, and that Charles L. Helaire was not guilty of contributory negligence that contributed to the accident and resultant injuries, your verdict shall be:
Verdict for the plaintiff and against the defendants in the sum of $__________ Dollars."
A motion for a new trial was filed and denied.
The first of four specifications of error asserted by plaintiff-appellant is that the jury and trial court were manifestly in error because the record as a whole clearly supports a verdict for the plaintiff.
It is well settled in our jurisprudence, of course, that when there is evidence before the trier of fact which, upon its reasonable evaluation of credibility furnishes a factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Expressed another way, we should not disturb a finding of fact of a jury or trial judge unless it is clearly wrong. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
Briefly stated, plaintiff's principal complaint is that the jury disregarded his account and that of two other eyewitnesses as to the happening of the accident and accepted that of defendant Nelson and an expert in accident reconstruction that was not present when it occurred. This is true, but the credibility of plaintiff and his witnesses was seriously attacked and the question of whether or not they were successfully impeached was for the jury to determine.
It was obvious that plaintiff not only exaggerated his injuries and the symptoms, but it appears that he testified falsely in several respects. There was a serious question as to whether his son-in-law, Mr. Ladkins, was close enough behind plaintiff's automobile to determine which side of the road he was on or whether Ladkins even saw the truck prior to the impact because of the misty foggy atmospheric condition at the time. Mrs. LaCaze, the other witness who was supposed to have seen the accident, was standing in her yard 200 feet away from the point of collision and it is extremely doubtful that she was able to see the two vehicles immediately before impact *11 because of the mist and fog. Contrary to the other witnesses, she testified that the weather was beautiful and sunny. Also, neither one of the latter persons was designated as having witnessed the accident in the plaintiff's answers to the defendants' pretrial interrogatories. This court was informed by plaintiff's counsel, however, that he did not discover Mrs. LaCaze until the morning of the trial.
The plaintiff and several of his witnesses testified that after the accident the two vehicles were on the eastern portion of the road with their wheels on this side in the ditch. However, Nelson and his boss said that both vehicles were then on the east side of the road but entirely on the paved portion thereof. The state trooper who investigated the accident first positioned the truck as having its front wheels in the ditch on the east side of the road. However, upon reference to his accident report it was found that both vehicles were entirely on the paved portion of the highway when he arrived at the scene. They were moved shortly thereafter, however, apparently to let traffic go by.
Joseph H. Barnwell, a retired professor emeritus in mechanical engineering from Louisiana Tech University and an experienced accident reconstruction expert, inspected the scene of the accident and photographs of the two vehicles, consulted the police report and examined Nelson's version of what took place and concluded after his study that the impact occurred on the west or south bound side of the highway wherein the truck was proceeding.
In Billiot v. Bourg, 338 So.2d 1148 (La. 1976), our supreme court said:
"When as here the evidence is conflicting, an appellate court should not disturb the trier of fact's reasonable evaluation of one set of witnesses as credible, and its consequent rejection of the testimony of the opposing set of witnesses; nor should the reviewing court disturb the trier of fact's reasonable factual inferences drawn from such testimony found by it to be credible."
From our review of the record we conclude there was a sufficient basis for the jury's evident finding of fact, based on its reasonable evaluation of credibility, that defendant Nelson's truck was not on the plaintiff's side of the highway when the collision occurred and therefore the cause of the accident was not a negligent act on Nelson's part. Certainly, the jury was not clearly wrong in this regard.
In the argument in his brief plaintiff seems to have combined Specification of Errors Nos. II and III, that the jury's verdict was inconsistent and unresponsive and constituted a finding of an unavoidable accident based on an erroneous charge by the court on that subject.
We find no fault with the court's charge to the effect that an unavoidable accident is one not due to the negligence of either driver, but to events or circumstances beyond their control. However, it is difficult to see how it could be applied under the evidence presented in this case. Be that as it may, we are unconvinced that the submission of this instruction to the jury along with the appropriate general and special charges resulted in the jury's having found that an unavoidable accident happened in this instance and amounted to reversible error.
Initially, we must point out that the record does not disclose that any objection was made to the court's instructions as required by Article 1793 of the Louisiana Code of Civil Procedure to provide the basis of an assignment of error on appeal. Counsel for plaintiff states that he objected "vociferously" to the proposed instruction on an unavoidable accident at the jury charge conference held in chambers. We have no reason to doubt this. However, the law requires more. This court must act only on what is contained in the record. Therefore, to preserve the right to appeal an erroneous jury instruction a litigant not only must enter an objection in the record before the jury retires but he must also enter in the record the specific matter to which the objection is made and the grounds therefor. Gryder v. Travelers Insurance Company, *12 193 So.2d 532 (La.App. 1 Cir. 1966); Watts v. Aetna Casualty & Surety Company, 309 So.2d 402 (La.App. 2 Cir. 1975), writ refused, 313 So.2d 601 (La.1975).
Smith v. Tiblier, 374 So.2d 685 (La.App. 4 Cir. 1975), cited by plaintiff, is not to the contrary. The court simply held therein that LSA-C.C.P. Art. 1793 applies to jury instructions only and not to interrogatories submitted to the jury for a special verdict and under the circumstances presented the appellant's failure to object to an erroneous jury interrogatory did not waive his right to assign such as an error on appeal. This court has ruled to the contrary in Williams v. City of Alexandria, 376 So. 367 (La.App. 3 Cir. 1979), writ denied, 378 So.2d 432 (La.1979).
There being no indication that the plaintiff in this case was deprived of an opportunity to do so, we conclude that his failure to enter into the record timely objections to the jury instruction complained of as well as the jury's special verdict precludes him from raising questions in regard thereto on appeal. Nevertheless, we have considered his argument and are unable to agree that the jury found the accident involved herein was unavoidable.
The trial judge charged the jury in regard to negligence and contributory negligence and their effect as to the verdict. Included was a statement that in order for the plaintiff to recover he had to prove by a preponderance of the evidence that defendant Nelson was guilty of an act of negligence that caused the accident. The jury was also told that the first question to be determined was whether or not such defendant was guilty of negligence that was the proximate cause of the accident.[1] No detailed instructions were given as to the procedure to be followed in completing the verdict except that it was to be written by the foreman on the form provided and dated and signed by him. The record does not reflect any objections to this or to the form of the verdict.
Having been told by the court that to recover the plaintiff had to prove an act of negligence on the part of defendant Nelson, they obviously understood if they concluded that plaintiff had not done so the defendants were entitled to judgment. In other words, that ended their consideration of the case, because it made no difference whether or not the accident was caused by a negligent act of the plaintiff and therefore there was no reason for them to decide and answer that particular question. This being correct under the law, the trial judge accepted the jury's special verdict and rendered judgment for the defendants accordingly. We agree with his actions and reject the plaintiff's contention that the jury's verdict was unresponsive as being based on a finding of an unavoidable accident.
In support of his motion for a new trial the plaintiff filed an affidavit from one of the jurors stating that he and nine other members of the jury found there was an unavoidable accident, neither Helaire nor Nelson being guilty of any act of negligence causing same. This court as well as our supreme court has held on a number of occasions that such an affidavit of a juror which purports to impeach the verdict is inadmissible and should not be considered. Washington v. Lake City Beverage, Inc., 352 So.2d 717 (La.App. 3 Cir. 1977), writ denied 354 So.2d 1050 (La.1978). We are unable to agree with the distinction submitted by plaintiff, that this affidavit does not attempt to impeach but merely explains the jury's findings.
The plaintiff's last specification of error is that he was prejudiced when the trial judge continued the trial so that the defendants could apply to this court for a review of his denial of their motion for a longer continuance on other grounds. The matter of granting a continuance in order to apply for writs to an appellate court is within the sound discretion of the trial judge. Vincent v. Grain Dealers Mutual *13 Insurance Company, 134 So.2d 415 (La.App. 3 Cir. 1961); Aetna Casualty & Surety Company v. Braud, 327 So. 183 (La.App. 4 Cir. 1976). We cannot say that there was an abuse of discretion in this instance.
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the appellant.
AFFIRMED.
NOTES
[1] That this question appeared second on the verdict form is of no significance. St. Pierre v. General Am. Transp. Corp., 360 So.2d 595 (La. App. 4 Cir. 1978), writ denied, 362 So.2d 1386 (La.1978).