SWIFT, Judge.
In the afternoon of February 6, 1979, Mrs. Sherry Joubert was driving the family automobile northward on Trenton Street in West Monroe, Louisiana. Calvin J. Smith, Jr. was driving a cement truck in a southerly direction on this street during the course of his employment with Texas Industries, Inc. and/or Louisiana Industries, Inc. The weather was rainy. As Smith approached the Joubert vehicle he lost control of his truck, struck a sign pole and entered Mrs. Joubert’s lane of travel. There the truck collided with the front of the Joubert car.
Mr. and Mrs. Joubert sued Smith, his employers, and Travelers Insurance Company, the insurer of the two defendant corporations, seeking damages allegedly caused by Smith’s negligence.
The defendants admitted liability, so the only issues presented to the trial jury for determination concerned damages. Its verdict was as follows:
*573 "WE, THE JURY, FIND FOR THE PLAINTIFFS, AARON JOUBERT AND SHERRY JOUBERT, IN THE FOLLOWING AMOUNTS:
"SPECIAL DAMAGES:
1) MEDICAL EXPENSES, PAST: $7,292.60
2) MEDICAL EXPENSES, FUTURE: 3,000.00
3) LOSS OF EARNINGS, FUTURE: -0-
"GENERAL DAMAGES - PHYSICAL AND MENTAL PAIN AND SUFFERING, PAST, PRESENT AND FUTURE: $2,000.00"
The plaintiffs have appealed from the judgment, contending that the amounts awarded are inadequate and that the denial of recovery for loss of Mrs. Joubert’s earnings is manifestly erroneous. Appellants also assert that the jury instructions and the verdict form were inconsistent and incorrect. However, as no objection thereto was made at the trial, they are precluded from raising this issue on appeal. LSA-C. C.P. Art. 1793; Williams v. City of Alexandria, 376 So.2d 367 (La.App. 3 Cir. 1979), writ refused 378 So.2d 432 (La.1979); Helaire v. Liberty Mut. Ins. Co., 397 So.2d 8 (La.App. 3 Cir. 1981).
Appellees have neither appealed nor answered the appeal.
In our review of the judgment with respect to quantum we must determine whether the jury abused the “much discretion” accorded it by law. Unless the record clearly reveals this to be the ease, the awards cannot be disturbed. However, should we find such abuse, the awards can only be altered by raising them to the lowest amounts that would be reasonably within the jury’s discretion. Wilson v. Magee, 367 So.2d 314 (La.1979).
In the present case Mrs. Joubert told the investigating officer at the scene of the accident that she was uninjured. However, she testified her neck began to hurt that night. She saw Dr. Weldon D. Smith, a local chiropractor, the next day. He felt she had a spinal strain due to the accident and adjusted the cervical and upper thoracic areas of her spine. He had treated her for similar complaints in 1971 and 1975. He continued to see plaintiff, but did not adjust her lumbar spine until November, 1979.
On March 8, 1979, Mrs. Joubert was seen by a family practitioner in Jonesville, Dr. William C. Coney, complaining of neck pain. His x rays were negative, but the physician initiated therapy and she was given an anti-inflammatory drug. The plaintiff did not complain to him of pain in the lumbar area until November, but Dr. Coney’s final diagnosis was a cervical and lumbar sprain of the chronic type which he thought was probably caused by the accident.
On March 9, 1979, the plaintiff consulted Dr. John J. McCutchen, a neurologist in Houston, Texas. His first diagnosis was a cerebral concussion with cervical and lum-bosacral strains or possible discopathy in these areas. He saw her at intervals during the rest of 1979 and also up to July 17,1980. The doctor had Mrs. Joubert hospitalized in Houston from December 9 through 17 for tests, physical therapy and traction. Although he testified she made considerable progress, plaintiff was still bothered with soreness in her neck and low back and also pain in the back of her head. This doctor feels that there is evidence of discopathy producing nerve root pressure both in the neck and in the low back. However, he would not recommend surgery until she has had a full neurological evaluation and his clinical diagnosis is confirmed by further tests.
*574 Dr. McCutchen referred Mrs. Joubert to two orthopedic surgeons in Houston for consultation, Dr. Arthur L. Glassman and a Dr. L’Ecuyer. Dr. Glassman’s diagnosis was strains of Mrs. Joubert’s neck, low back and right knee and a bruise of her right hip. Except possibly the hip condition, the doctor relates these problems to the accident simply on the basis of the history given him by the patient.
Dr. L’Ecuyer did not testify. There being no explanation of this, it is presumed that his testimony would be adverse to Mrs. Joubert.
The plaintiff was also seen by Dr. Roy J. Ledbetter, Jr., an orthopedic surgeon in Monroe, on April 27, 1979. His x rays were normal and the doctor concluded she had a collision sprain of the cervical and lumbar segments of the spine. He found no evidence of disc pathology and did not feel that a myelogram or surgery was needed. He did not believe Mrs. Joubert had any permanent or disabling type of injury.
Dr. John N. Patton, a neurosurgeon in Alexandria, saw Mrs. Joubert on January 31, 1980. He concluded she probably had a cervical and lumbar musculoskeletal injury but there was then no evidence of a herniated nucleus pulposis. He felt she probably also had a left ulnar neuropathy which gave rise to mild hyperesthesia in her left hand, but did not know whether this was caused by the accident. The doctor thought Mrs. Joubert was mildly depressed. A myelo-gram was run and it was found to be normal.
Mrs. Joubert was also seen by Dr. Ronald S. Pryor, a clinical psychologist and vocational consultant in Pineville, Louisiana, on November 10, 1979. He found that she was significantly depressed and experiencing anxiety which he believed was caused by the accident. However, he recognized that the secondary gain from the pending law suit could have some influence on her condition.
Most of the doctors felt that when seen by them Mrs. Joubert was incapacitated from performing heavy lifting and prolonged standing or stooping, but she was capable of performing administrative or managerial work.
The plaintiff had worked in and helped manage nursing homes most of her life. However, she and her husband leased to others the one which they owned about five years before the accident and Mrs. Joubert’s activities were thereafter confined to civic work and housekeeping except for some assistance she gave her husband in his non-emergency medical transportation service and a pump service business. She received no pay for these.
All of the doctors mentioned were seen at the request of plaintiff or her attorney or in consultation with Dr. McCutchen. We note that in a few instances different results were reported by some doctors on similar diagnostic tests that were made about the same times.
The plaintiffs first complain of the $3,000.00 award for future medical expenses. Their position is that the jury should have allowed $13,000.00 for this item, which Dr. McCutchen said would be the cost of possible disc surgery and hospitalization. None of the other doctors thought such surgery was necessary. Thus, it was not shown that, more probably than not, these expenses will be incurred by plaintiffs. In view of the highly speculative nature of the probability of such surgery, we cannot say that the jury abused its discretion in the amount awarded for future medical expenses. Wexler v. Martin, 367 So.2d 111 (La.App. 4 Cir. 1979).
The record reflects that the plaintiff and another lady had some plans to open a dress shop when this accident occurred. However, Mrs. Joubert was not gainfully employed for about five years prior thereto and it was not shown just what loss of future income, if any, she will suffer as a result of this accident. Since it was not established with reasonable certainty that there will be any loss of future earnings, we cannot say the jury was manifestly in error in concluding that no award should be made for this item.
*575 On the other hand, we are convinced that the trier of fact abused its discretion in awarding only $2,000.00 for Mrs. Joubert’s past and future pain and suffering.
The preponderance of evidence is to the effect that the plaintiff’s injuries in this accident generally consisted of muscular and ligamentous strains of the cervical and lumbar areas of her back from which she will eventually recover. That she also has had some depression and anxiety does not seem to be seriously disputed. The jury obviously concluded she was still experiencing symptoms from these conditions when the case was tried on August 12, 1980. They must have also found that she would continue to suffer some thereafter. Otherwise, no award would have been made for future medical expenses. All things considered, we believe that an award of $10,-000.00 for Mrs. Joubert’s pain and suffering, past and future, would be the lowest amount that is reasonably within the discretion afforded the trier of fact.
For the foregoing reasons, the judgment of the district court is amended to increase the award to plaintiff, Sherry Joubert, for these general damages from $2,000.00 to $10,000.00 and as amended it is affirmed. The costs of this appeal are assessed to appellee.
AMENDED AND AFFIRMED.