LABORDE, Judge.
Nancy Adkins, individually and as natural tutrix of her minor son, Andrew Adkins, brought suit against Mary B. Glover and her automobile liability insurer, Allstate Insurance Company, for damages sustained by her minor son in an automobile-bicycle collision. After trial, the jury returned a verdict in favor of defendants. The trial court signed judgment in conformity with the jury verdict. Plaintiffs appeal asserting two assignments of error: (1) that the trial court improperly instructed the jury; and (2) that the jury was clearly wrong in finding no negligence on behalf of Ms. Glover. We affirm.
*25 PACTS
In the early afternoon of June 19, 1984, Andrew Adkins was requested to go to a store near his home. He was ten (10) years old at the time and had to borrow his brother’s twenty (20") inch bicycle. He mounted the bike and pulled onto Floyd Street, a two way street in residential Lafayette, Louisiana. He rode on the left hand side of the road toward Patterson Street. The intersection was controlled by a stop sign directing Floyd Street travelers to halt. Mr. Robert Meaux was stopped in the right hand lane of Floyd Street waiting for traffic to clear. He sat in his large pick-up truck laden with welding equipment as Andrew passed on his left side. Mr. Meaux could see Ms. Glover, traveling from the right down Patterson St. at about twenty (20 mph) miles per hour; so he waited. Andrew did not see Ms. Glover; so he passed Mr. Meaux on the left, hurried through the intersection without stopping, and collided with Ms. Glover’s Chevrolet which had just arrived at the corner. Ms. Glover saw Andrew just before impact, she applied her brakes, but could not stop before hitting him. Andrew suffered a broken leg as a result of the accident.
ADEQUACY OF JURY INSTRUCTIONS
At the close of evidence, the trial court instructed the jury as to the law relative to the accident. This briefing included a section on negligence, but did not specifically address the duty of a driver to see what should have been seen and to do what should have been done.
Before we can address the adequacy of the jury instructions, we must determine if appellant has the right to assign this omission as error under La.C.C.P. art. 1793:
“A. At the close of the evidence, or at such earlier time as the court reasonably directs, a party may file written requests that the court instruct the jury on the law as set forth in the requests.
B. The court shall inform the parties of its proposed action on the written requests and shall also inform the parties of the instructions it intends to give to the jury at the close of the evidence within a reasonable time prior to their arguments to the jury.
C. A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.”
In this case, appellant failed to object to the jury charges. As no objection to the jury instructions was made, appellant is precluded from raising the issue on appeal.[1] La.C.C.P. art. 1793; Joubert v. Texas Industries, 401 So.2d 571, 573 (La.App. 3d Cir.), writ denied, 404 So.2d 1257 (La.1981). Appellant’s failure to object, or to submit a relevant special instruction, acts as a waiver of the right to raise the issue on appeal. See Trahan v. Liberty Mutual Insurance Company, 273 So.2d 331, 332 (La.App. 3d Cir.), writ denied, 275 So.2d 791 (La.1973).
*26 NEGLIGENCE OP MS. GLOVER
The special verdict returned by the jurors indicates that they found no negligence on behalf of Ms. Glover. Appellant asserts that this finding is manifestly erroneous.
Mr. Robert Meaux testified that he was stopped at the corner waiting for Ms. Glover to proceed. Mr. Meaux saw Andrew on the left side of the truck, about five feet (5') away pedaling standing up as he darted into the intersection without pausing at the stop sign. The height of Mr. Meaux’s truck, with the welding equipment, impeded Andrew’s vision, and obscured his presence from Ms. Glover. Mr. Meaux estimated that the child “pulled out” about two car lengths ahead of Ms. Glover.
The investigating police officer, Ray Sehexneider, testified that Ms. Glover’s right rear tire left fifty-four (54') feet of skid marks. He observed no debris, but “presumed” that end of the skid mark constituted the point of impact. He testified that he measured the distance between the bicycle and the terminus of the skid; however, no measurement was provided by the witness.
Ms. Glover testified that she turned onto Patterson St. just one block from Floyd St. She noted that it was a bright clear day and that she looked straight ahead as she slowly drove down the street. As she approached Floyd St., she saw Andrew dart out from his covert behind Mr. Robert Meaux’s truck. She could not stop in time to avoid hitting Andrew. The exigent circumstances suspended other possible, if somewhat risky, means of avoiding him.
Andrew testified that he looked both ways and saw no traffic before he entered the intersection. He admitted to speeding up as he approached Patterson Street because, “You see, sometimes cars would go over the speed limit when they’d be turning [sic], so I [Andrew] just assumed, as a safety precaution, to speed up because sometimes people drive drunk during the day. So I just sped up and hurried across the street.” Fearing speeding drunken drivers, Andrew decided not to observe the stop sign, but to dash out from behind a truck into the right-of-way street.
The jury verdict would be supported with the testimony of Mr. Robert Meaux, the sole impartial eyewitness, standing alone. Mr. Meaux’s testimony is in harmony with that of the other two eyewitnesses, Andrew and Ms. Glover. Plaintiff simply failed to convince the fact finders that Ms. Glover acted unreasonably under the circumstances. We agree with the jury and find no error in the verdict rendered.
DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to plaintiff, Nancy Adkins.
AFFIRMED.

. En passant, we note that the jury charge given by the trial court adequately instructed the jury. In pertinent part, the trial court charged:
"Negligence is defined as a lack of due diligence or care. Basically, each of us has the duty not to injure another person as a result of our own fault or negligence.
I charge you that bicycle riders on Louisiana highways are subject to the same duty applicable to all drivers of motor vehicles.
I further charge you that a child is not held to the same degree of care as an adult. The test is whether the particular child, considering his age, background, and inherent intelligence, indulged in gross disregard of his own safety, in the fact [sic] of known, understood, and perceived dangers.
Finally, a person who is faced with a sudden emergency, which she did not cause herself, is not held to the same accuracy of judgment or degree of care as in ordinary situations.
A person can be at fault by an unreasonable act of commission or by an omission. In short, negligence is the failure to exercise reasonable care towards another person to whom a duty to exercise reasonable care is owed and negligence includes omissions as well as commissions. The fact that fault, if found, was not intentional does not excuse the defendant from that fault.”