540 So.2d 543 (1989)
Joseph A. GUIDRY, et ux., Plaintiffs-Appellants,
v.
BOSTON OLD COLONY INSURANCE COMPANY, et al., Defendants-Appellees.
No. 87-1343.
Court of Appeal of Louisiana, Third Circuit.
March 15, 1989.
Writ Denied May 12, 1989.
*544 Paul G. Moresi, Jr., Abbeville, for plaintiff-appellant.
Edward Gray, Baton Rouge, Ronald Melebeck, John Ortego, Abbeville, Harvey Lee Hall, Baton Rouge, for defendants-appellees.
Before STOKER, DOUCET and KNOLL, JJ.
*545 STOKER, Judge.
This is a suit to recover damages for personal injuries resulting from an automobile accident. Plaintiffs are Annie Guidry, one of the drivers involved, and her husband, Joseph A. Guidry. Plaintiffs-appellants originally filed suit against JoAnn Conner Meaux (the other driver involved), Robert D. Meaux (owner of the car driven by JoAnn), Boston Old Colony Insurance Company (Robert Meaux's automobile insurer), and State Farm Mutual Automobile Insurance Company (plaintiff's uninsured motorist insurer). Plaintiffs later added the State, Department of Transportation and Development (State, D.O.T.D.), and the City of Abbeville as defendants.
Prior to trial, plaintiffs dismissed their suit against the City of Abbeville, JoAnn Meaux and Robert Meaux. At trial, at the close of plaintiffs' evidence, the trial judge granted a directed verdict in favor of the State, D.O.T.D. on the basis that plaintiffs had not introduced any evidence to show that the traffic light at the intersection where the accident occurred was malfunctioning. At the conclusion of the trial, the jury returned a verdict in favor of the two remaining defendants, Boston Old Colony and State Farm, finding that JoAnn Meaux was not negligent. Plaintiffs appeal the jury verdict in favor of defendants, assigning five errors. Plaintiffs do not appeal the directed verdict in favor of the State, D.O.T.D.

FACTS
The automobile accident occurred in Abbeville, Louisiana at the intersection of Lafayette Street, which runs east-west, and State Street, which runs north-south. Plaintiff was traveling west on Lafayette Street and Meaux was traveling south on State Street. The parties collided at the intersection of these two streets which is governed by a traffic light. Both parties claim to have entered the intersection on a green light.

ASSIGNMENT OF ERROR 1
Plaintiffs contend the jury committed manifest error by failing to find JoAnn Meaux negligent.
Meaux testified that on the morning of the accident she was on her way to work, but that she was not in a hurry because she did not have to be there until 7:30 a.m. Meaux stated that as she approached the intersection from about two blocks away her light was red. She slowed her car and watched the light. Meaux said that she was 10 to 15 feet away from the intersection when the light turned green. She then proceeded to cross the intersection.
Plaintiff stated that on the morning of the accident she was on her way to a hair appointment for which she was already about five minutes late. Plaintiff testified that she saw her light was green when she was about two blocks away and also when she was one-half block away. She proceeded into the intersection without looking at her light signal again.
Two witnesses who were working at a 7-11 Store on the southeast corner of the intersection testified that they heard the collision. At the time of the collision, one of the witnesses was counting money and the other was writing something. Without saying how much time it took for them to stop what they were doing, the witnesses testified that they looked out and saw the plaintiff's car in the street. One of them wondered aloud who was at fault, and then they both looked up at the traffic light. They each independently testified to seeing plaintiff's traffic light turn from yellow to red.
Officer Abshire, the investigating officer, testified that he observed the traffic light in question and noted that it seemed to be functioning properly. One of the 7-11 employee-witnesses assisted Officer Abshire in this observation and he also testified that the light seemed to have been functioning properly. Expert testimony was introduced that the traffic light requires 60 seconds to complete a change cycle. Testimony was also introduced as to the light's repair record.
An appellate court cannot, on review, disturb the trial court's findings of fact in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). *546 After carefully reviewing the facts and evidence in the case, we find that the jury did not commit manifest error in finding that JoAnn Meaux was not negligent. We perceive that, had the jury believed plaintiff's version of the facts and believed that the 7-11 witnesses had looked up at the traffic light within a very few seconds after hearing the crash, JoAnn Meaux could have been found negligent. However, the jury clearly found Meaux's testimony the more credible and we cannot say, in light of the evidence in this case, that the jury's findings of credibility and fact are clearly wrong.

ASSIGNMENT OF ERROR 2
Plaintiffs contend the district court committed reversible error by instructing the jury to disregard their counsel's comments on the evidence during closing argument. Plaintiffs' counsel, in referring to the 60-second cycle of the traffic light, attempted to demonstrate to the jury the length of 60 seconds with his watch. After objection by defendants, the trial judge refused to permit the demonstration. The trial court ruled that plaintiffs' counsel had a right to indicate verbally the amount of time needed for the traffic light's complete cycle since this fact was introduced into evidence. However, plaintiffs' counsel did not have a right to make an evidentiary demonstration with his watch in closing argument in which he called the beginning and ending of the 60-second time period. The trial judge also noted that the jurors were capable of realizing the length of a 60-second time span. The trial judge then instructed the jury to disregard the demonstration.
The trial judge has great discretion in regulating and controlling the opening and closing arguments to a jury within proper bounds. The rulings of the trial court in controlling and regulating the arguments of counsel will not be reversed unless they constitute an abuse of his much discretion. Temple v. Liberty Mut. Ins. Co., 330 So.2d 891 (La.1976); Benoit v. Fireman's Fund Ins. Co., 361 So.2d 1332 (La.App. 3d Cir.1978). We do not find that the trial judge abused his much discretion under the facts and circumstances of this case. Moreover, we see no prejudice to plaintiffs from the trial judge's ruling since we also believe that the jury was familiar with the 60-second time span.

ASSIGNMENT OF ERROR 3
Plaintiff contends the trial court committed reversible error by allowing evidence of "test runs" on the traffic light at the intersection where the accident occurred by Officer Abshire and by witness Larry Harry. Plaintiff alleges the evidence of the test runs was prejudicial, immaterial, irrelevant, lacked probative value, was misleading to the jury and was offered with an insufficient foundation. At trial, the only objection to the evidence raised by plaintiffs was as to Officer Abshire's testimony on the basis that Officer Abshire had not been qualified as an expert. No objection was raised to Mr. Harry's testimony. Therefore, we will only consider the objection of lack of proper foundation as to Officer Abshire's expertise. See LSA-C.C.P. art. 1635; Senegal v. George Theriot's Inc., 445 So.2d 137 (La.App. 3d Cir.), writ denied, 448 So.2d 114 (La.1984); Joubert v. Texas Industries, 401 So.2d 571 (La.App. 3d Cir.), writ denied, 404 So.2d 1257 (La.1981).
Expertise must be established as a foundation for testimony as to scientific, technical or other specialized knowledge. Testimony by a lay witness may be introduced as to inferences which are rationally based on the perception of the witness. As in Naylor v. Louisiana Dept. of Hwys., 423 So.2d 674 (La.App. 1st Cir.1982), writ denied, 429 So.2d 127, 134 (La.1983), the competency of Officer Abshire to testify as to observations of an experiment he actually witnessed is not questioned.
Generally, the proper foundation for the admission of the results of an experiment of this type is to show that it was conducted under conditions similar to those prevailing at the time of the accident. No objection based on lack of similar circumstances was raised at trial and therefore will not be considered on appeal. Joubert v. Texas Industries, supra. However, we note that testimony was introduced as to the similarity between the circumstances of *547 the tests and the actual accident and as to the repair record of the traffic light. Also, testimony was introduced that Officer Abshire was not certain whether the light was in the same condition on the days of the tests as it was on the day of the accident. The repair record, however, did not indicate any change in the timing of the light. Moreover, Joseph Guidry tested the light himself and introduced testimony as to his test results without laying any foundation as to similarity of circumstances or expertise.
Therefore, we believe that the similarity of circumstances was sufficiently indicated. Any dissimilarities would have affected the weight given this evidence by the jury.

ASSIGNMENT OF ERROR 4
Plaintiff contends the trial court committed reversible error in not permitting the investigating officer to testify as to his estimate of the speed at which JoAnn Meaux's vehicle was traveling on the day of the accident, even though the estimate was written on the accident report. Defendant objected to the testimony on the basis that Officer Abshire is not an expert and did not personally witness the accident.
As discussed above, a foundation of expertise must be laid before a witness may testify to scientific, technical or other specialized knowledge. LSA-R.S. 15:464. A lay person may testify as to the speed of an automobile which he personally witnesses if he can show that he has some general knowledge of the speed of automobiles. State v. Short, 368 So.2d 1078 (La.1979), cert. denied, 444 U.S. 884, 100 S.Ct. 174, 62 L.Ed.2d 113 (1979); Fidelity & Cas. Co. of N.Y. v. Aetna Life & Cas. Co., 244 So.2d 255 (La.App. 3d Cir.1971); Jones v. Southern General Ins. Co., 157 So.2d 335 (La. App. 3d Cir.1963). See also LSA-C.E. art. 702 (effective January 1, 1989).
Officer Abshire was not qualified as an expert in accident reconstruction, nor was he an eyewitness to the accident. Therefore, the trial court properly excluded his testimony as to his opinion of the speed of defendant's vehicle.
Plaintiff argues that the testimony should have been admitted because the estimate was written in the accident report. The mere fact that the estimate was written does not change its inadmissibility. Moreover, police records are inadmissible as hearsay. See LSA-C.E. art. 803(8)(b)(i) and Official Comment 8(f) (effective January 1, 1989).

ASSIGNMENT OF ERROR 5
Plaintiff contends the trial court committed reversible error by submitting to the jury special jury interrogatories which excluded from the jury's consideration the fault of the State, D.O.T.D. However, since no objection to the omission was raised at trial, the issue may not be raised for the first time on appeal. LSA-C.C.P. art. 1793; Joubert v. Texas Industries, supra. We are bound to observe, however, that the question of any liability of D.O.T. D. had been taken away from the jury through the granting of the directed verdict. The finding of fact as to non-liability of D.O.T.D. had already been made when the case was given to the jury. The jury was bound by this finding of fact. See also Lasswell v. Matlack, Inc., 527 So.2d 1199 (La.App. 3d Cir.) writs denied, 532 So.2d 104, 153 (La.1988). In any event, since plaintiffs presented absolutely no evidence on which to premise any liability on the part of the State, D.O.T.D., but rather seem to rely on mere allegations, we see no prejudice to plaintiffs incurred by the noninclusion of a special jury interrogatory relative to the State's "fault."

CONCLUSION
For the reasons discussed, the judgment of the trial court is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.
DOUCET, J., dissents and assigns reasons.
DOUCET, Judge, dissenting.
I respectfully dissent.
The majority opinion found that the jury did not commit manifest error in finding *548 that JoAnn Meaux was not negligent. The majority supports this conclusion in part by stating that the two 7-11 employees who testified at trial did not state how much time had elapsed between the accident and the point at which they noticed that the traffic light was yellow. However, the record indicates that the two witnesses looked up and saw the vehicles when they heard the two cars crashing. The witnesses then immediately looked up at the light and saw that the westbound traffic on Lafayette Street had the yellow caution light. The testimony of these two disinterested witnesses clearly establishes that they each independently observed the yellow caution light immediately after the accident. This light was found to be functioning normally. This leads to the inescapable conclusion that the traffic light facing JoAnn Meaux was red as she entered this intersection at the time of the collision.