ELLIS, Judge.
This is a quantum case. Defendant Kelly J. Breaux, Jr., complains that the award to plaintiff of $12,000.00 for pain and suffering is excessive. The record shows that plaintiff Evelyn Oubre was injured in an automobile accident on March 31, 1978. The accident happened about 4:15 p.m. and by 6:00 o’clock that evening Mrs. Oubre was suffering pain in her back, neck and head. She was unable to turn her head.
The next morning she saw Dr. Folse in the emergency room at East Ascension General Hospital. Dr. Folse took x-rays of her head and neck, prescribed muscle relaxants and gave plaintiff a cervical collar, which she wore continuously for five weeks. On April 5, 1978, plaintiff saw Dr. Wade H. Sigmon, Jr., a family practitioner, complaining of pain in her neck and shoulder, through her lower back. He found tenderness in the muscles of her neck and moderate tenderness in the muscles of the low left lumbar area. His diagnosis was multiple muscle strain of all of the above areas. Dr. Sigmon prescribed moist heat and muscle relaxants.
Dr. Sigmon continued to see plaintiff at intervals for several months, during which time her condition slowly improved. Through August 25, 1978, Dr. Sigmon’s notes show complaints of pain in the neck area, but no mention of back problems. On September 19, plaintiff complained of intermittent pain in her lumbar area. Plaintiff testified at the trial that her back pain continued throughout that time.
On October 23, 1978, plaintiff was seen again, after having taken physical therapy for a week, complaining only of tightness in the neck when turning her head to the left. Dr. Sigmon did not see her again until March 7,1979, when she complained of lumbar backache, radiating down her right leg. Dr. Sigmon felt there was a possibility of nerve root irritation, which he felt would be “most probably” related to the accident. He saw her again in July, 1979, and August, 1979, on both occasions complaining of back and hip pain. He prescribed muscle relaxants, traction and heat.
She was seen again on March 23, 1980, with back and right leg pain. She said that the therapy given her in August had relieved most of her complaints for about three months, but that they had recurred. Dr. Sigmon felt she was suffering from a chronic lumbosacral strain.
Plaintiff also saw Dr. Allan Jackson, an orthopedist, on September 15, 1978, at Dr. Sigmon’s request. He felt that, at that time, she had residuals of neck and back sprain, which Dr. Jackson did not consider to be disabling. He prescribed a course of physical therapy.
Plaintiff returned to Dr. Jackson in March, 1979, complaining of an acute recurrence of her back problems, with pain radiating down the right leg to her ankle. He felt this to be indicative of nerve root irrita *222 tion. He once again prescribed a course of physical therapy. Mrs. Oubre returned on April 16, 1979, improved but still complaining of occasional disabling back pain. She was given a muscle relaxant, and told to perform certain exercises.
Dr. Jackson last saw plaintiff on May 7, 1979, much improved, with no signs of nerve root irritation. He told her to continue the muscle relaxants, and felt no immediate follow up was required. He felt that the recurrence of her back problem was “probably related to the automobile accident.” Dr. Jackson was of the opinion that Mrs. Oubre was suffering from a chronic neck and back sprain, but that her prognosis for a complete recovery was favorable.
After the accident, Mrs. Oubre stayed off work completely until August, when she worked one day. Prior to the accident, Mrs. Oubre had worked part time as a licensed practical nurse, averaging about seven days per month. She returned to this employment in the middle of September, 1978. She testified that she has suffered from intermittent neck and back pain since that time, up until the time of the trial, in June,
1980.
The trial judge found that Mrs. Oubre had suffered a moderate lumbar and cervical strain of fairly long-standing duration, and that her suffering therefrom was of sufficient severity to justify an award of $12,000.00. In this court, defendant argues that the award is excessive, and suggests that $7,500.00 would be appropriate.
After consideration of the record, and the authorities cited by both parties, we find that the award of $12,000.00 is within the discretion afforded the trial judge in fixing quantum.
The judgment appealed from is therefore affirmed, at defendant’s cost.
AFFIRMED.