WATKINS, Judge.
Susan R. Stringer (now Crowley) and Dr. L.E. Stringer, her father, brought the present action against the State of Louisiana through the Department of Transportation and Development for personal injuries sustained by Susan and destruction of *722 a 1977 Pontiac Catalina automobile owned by Dr. Stringer in a one-car accident involving the collision of the Pontiac with the railing of a bridge and the falling of the automobile to the floor of a drainage canal some thirty feet below. The trial court, without assigning written reasons for judgment, awarded $42,000.00 to Susan and $3713.00 to Dr. Stringer. We amend and affirm.
Susan was returning to her home in Greensburg from a church function in Hammond on August 15, 1982, driving her father’s Pontiac in which she was the sole occupant. It was raining. As she approached a bridge in the city limits of Greensburg at approximately 8:15 p.m., her car went into a skid, crossed the centerline, struck the bridge and went through the railing and fell to the floor of a drainage canal, which as we have stated, lay some thirty feet below. Susan’s speed at the time she went into the skid, Susan’s uncon-tradicted testimony reveals, was twenty to twenty-five miles per hour. The posted speed limit was forty-five miles per hour. There is no evidence of any defect in her automobile, nor is there any evidence which would tend to prove that she was driving in other than a safe and cautious manner under the existing weather and road conditions.
Susan, who worked in her father’s medical office, thought she was dying immediately after the accident. She was rescued from the car by Dr. Stringer and some other men and taken to the local hospital’s emergency room, where it was found she had cuts, sprains, and bruises, but no severe injuries. She went to her father’s house, where she was seen by her father and two other physicians before she had recovered well enough to return to work, which took about six weeks.
Plaintiffs contend that the DOTD is liable for failure to maintain the guardrail on the bridge properly, under theories of both strict liability and negligence. They further contend that the bridge was improperly placed in a curve. Because we find the guardrail was defective, through the negligence of the DOTD, we find it unnecessary to consider other theories of liability.
Andrew J. McPhate, a professor of engineering at LSU, called as an expert witness on behalf of plaintiffs, testified that the bridge railing struck by Susan had been repaired after an accident and was supported by posts or columns, which were mounted on a wooden sill below. The posts or columns on the opposite side, which had not been repaired, were mounted in concrete. (The bridge was constructed in 1959.) Mr. McPhate was of the opinion that the inadequate and flimsy support of the railing struck by Susan permitted the automobile to crash through the railing and fall to the canal bed below. Although we do not have written reasons for judgment in this case, we must assume that the trial court followed Mr. McPhate’s reasoning, and likewise reasoned that Susan’s injuries and damages to the automobile would not have been so severe had the railing prevented the automobile from falling into the canal bed. In this conclusion, we cannot say the trial court was clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973), Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Likewise, the trial court must have found, and in this conclusion we can find no manifest error or any reasoning clearly wrong, that it was negligent of the DOTD to have rested the posts supporting the railing in wood, when on the opposite side the posts supporting the railing were rested in concrete.
We therefore find the DOTD was liable both for Susan’s injuries and destruction of the automobile on a theory of negligence and turn to the question of quantum.
The DOTD contends that even if liability is held to exist the quantum of the award should be reduced. An award of $42,-000.00 was made in the present case, without itemization. We note that in cases of temporary back strain or sprain of longer duration than the present case awards of $4,000.00 to $5,000.00 are common [see for example, Sanders v. New Orleans Public Service, Inc., 422 So.2d 232 (La.App. 4th Cir.1982) ] and the highest sum awarded is *723 $12,000.00 to $25,000.00 [see, Kostrzewa v. Wilson, 897 So.2d 859 (La.App. 4th Cir.1981), writ denied 401 So.2d 365 (La.1981), Garrison v. State through Department of Highways, 401 So.2d 528 (La.App. 2d Cir.1981); Oubre v. Fireman’s Fund American Insurance Co., 402 So.2d 220 (La.App.1st Cir.1981); Roque v. State Farm Mutual Automobile Insurance Co., 445 So.2d 506 (La.App. 3d Cir.1984)].
The trier of fact is permitted great discretion in the award of damages, and the quantum of the award can be disturbed only if the record clearly reveals an abuse of discretion on the part of the trier of fact. “Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion allowed that court.” Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), at 335. In the present case, Susan was out of work for only six weeks, she was not hospitalized, she was in bed for only two weeks, and was able fully to return to her normal activities within ten or eleven weeks after the accident. She was stipulated to have lost wages of $1200.00. Under the circumstances, we consider an award of $42,-000.00 to constitute a clear abuse of the great discretion vested in the trier of fact. We find the highest sum that could reasonably be awarded is $14,000.00. Accordingly, we reduce the award to $14,000.00.
The judgment of the trial court in favor of Susan Stringer and against the DOTD is reduced to the sum of $14,000.00. In all other respects the judgment of the trial court is affirmed, and the matter remanded for the fixing of a precise sum of court costs against the DOTD. LSA-R.S. 13:5112.
AMENDED AND REMANDED.
SHORTESS, J., agrees with the reduction in question but dissents from the liability decision because plaintiff was guilty of at least some fault.