JANVIER, Judge.
At about 7:30 o’clock on the very rainy night of March 22, 1952, the ,1947 Dodge sedan, owned and driven by. Rodney A. Buras, and another driven by Feltus Peck came. into collision in the intersection of the lake side roadway of Claiborne Avenue and.Laharpe Street, in New Orleans. The car of Buras sustained damage, and, alleging that the collision resulted solely ’ from negligence of Peck, Buras brought this suit against him, praying for judgment for $159.22. ' ' '
Peck admitted- the .occurrence but denied that he had been in> any way at fault and averred,that the collision had been caused entirely by fault on the part of Buras,
In the First City Court there was judgment in favor of Buras and against Peck, and Peck has appealed devolutively and suspensively.
Claiborne Avenue is a wide thoroughfare having two roadways which are separated by an extraordinarily wide neutral ground. Laharpe Street crosses Claiborne Avenue at a right angle. On it traffic is permitted to proceed in one direction only, that is, from the Mississippi River towards *784 the lake, which is the direction in which the Peck car was proceeding.
In the Peck car were three. passengers in addition to Peck himself. In the Buras car were Buras and his wife.
Peck claims that he had stopped on reaching the river side roadway, of Claiborne Avenue, had then crossed the roadway, had traversed the width of the neutral ground, had entered the lake-side roadway, and had turned to his left in an uptown direction when his car was struck in the rear by the Buras car. In this he is, corroborated in parrot-like fashion 'by the three passengers who were in his car. He admits that he did not stop before entering the second roadway of Claiborne Avenue, and he admits also that, though he looked to his right before he entered that roadway of Claiborne Avenue, he did not see' any vehicle approaching from that direction though it is well established that the lights of the Buras car were burning as it approached the intersection.
On the other hand, Buras and his wife say that, as they approached the intersection at a speed of between twenty and twenty-five miles per hour, the Peck car, without stopping and at a high speed, entered the intersection and .crashed into the left front of the Buras car, and that then, after swerving to its left, it proceeded across the roadway, mounted the end of the neutral ground of Claiborne Avenue, and crashed into a tree located on the neutral ground.
There is no doubt that Buras was entitled to the right of way. On Laharpe Street there is a stop sign which faced Peck and vehicles on Claiborne Avenue, as a result of City Traffic Ordinance No. 18,-202 C.C.S., are afforded rights superior to those on intersecting streets.
Furthermore, Peck was attempting to turn to his left into a main thoroughfare, and it is well settled that, under such circumstances, it was his duty to make certain that no traffic was approaching from his right.
The Judge a quo concluded that there was no fault on the part of Buras and that the proximate cause of the collision was the negligence of Peck in entering the intersection in spite of the fact that the Buras car had entered, or was about to enter it at the same time.
The record shows that the cost of repairing the Buras car was $159.22 and that Buras himself paid this and then, having what is termed a collision insurance policy, was reimbursed by his insurers to the extent of $109.22, so that he himself bore a loss of $50 and his insurers a loss of $109.-22. Counsel for Peck contends that, since the insurers of Buras were not made parties plaintiff, Buras himself should not be permitted to recover more than the $50 which he himself was out of pocket as a result of repairing the damage to his car.
In such case the party liable .has no-interest in the question of whether there is insurance, but is responsible to the owner of the damaged automobile to the extent of the damage. The other party and his insurer may adjust between themselves the question of how much each is entitled to recover out of the judgment against the party who is liable. In Dupuy v. Graeme Spring & Brake Service, La.App., 19 So.2d 657, 659, we quoted from Ayres v. Wyatt, La.App., 185 So. 84, as follows:
“ ‘Defendants are not concerned with and have no right to inquire into the transactions between the insured and insurer terminating in a settlement between them. Whether the amount of such a settlement be great or small does not to any extent modify or affect the-liability of the tort feasor; and, notwithstanding such a settlement and the legal subrogation or equitable assignment superinduced thereby, the insured retains the right to sue for the full amount of damages involved, especially where, as is true in the present case, the amount of insurance paid does not equal the amount of damages sustained.’ ”
Counsel for defendant Peck complains that in the City Court he was not permitted to ask Buras whether he-had been' *785 convicted for the violation of a traffic ordinance at some other time in another part of New Orleans. Such evidence was inadmissible and was properly excluded. Blashfield’s Cyclopedia of Automobile Law and Practice, Vol. 9C, sec. 6196, p. 311:
“The exclusion of evidence of de-ant’s conviction for reckless driving has been approved, where the offense was not connected with the accident out of which plaintiff’s action arose.
“Evidence that a motorist was given a traffic ticket following the accident in question, and that he failed to appear in court on the date specified but forfeited his bond or bail is inadmissible.”
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.