483 So.2d 609 (1985)
James David LEE and Brenda Knight Lee
v.
K-MART CORPORATION, et al.
No. CA 84 0389.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
Writ Denied March 7, 1986.
*610 Calvin Fayard, Jr., Denham Springs, Paul H. Due, Baton Rouge, Joseph Simpson, Amite, for plaintiffs-appellees.
Felix Weill, Baton Rouge, for defendant-appellant, K-Mart Corp.
Before GROVER L. COVINGTON, C.J., and LOTTINGER, EDWARDS, COLE, WATKINS, SHORTESS, CARTER, SAVOIE, LANIER, CRAIN and JOHN S. COVINGTON, JJ.
CRAIN, Judge.
This is a suit for damages in tort by a husband and wife alleging the wife slipped and fell in the shopping area of a self-service store. The husband sought to recover for medical expenses and loss of consortium, and the wife sought damages for her injuries. A trial by jury ended with the following verdicts: (1) the store owner was negligent, the negligence was a cause of the accident and damages, and the store's degree of negligence was 50%; (2) the wife was contributorily negligent, her negligence was a cause of the accident and damages, the wife's degree of negligence was 50% and the wife did not assume the risk of the accident; (3) the wife's damages were $60,000; and (4) the husband's damages were $10,000. The husband and wife filed a motion for a judgment notwithstanding the verdict (JNV) contending the defense of contributory negligence was not applicable in slip and fall cases. The district court granted the JNV and rendered a judgment in favor of the husband and wife for full damages. The store owner took this suspensive appeal. The husband and wife did not appeal or answer the appeal.

FACTS
On October 13, 1980, Mrs. Brenda K. Lee, accompanied by her two year old daughter, Jamie, went to the K-Mart Corporation (K-Mart) store in Denham Springs, Louisiana, to buy some cleaning supplies and children's books. At the store, Mrs. Lee obtained a shopping cart, placed Jamie in the basket seat on the cart and began her shopping. Mrs. Lee got the cleaning *611 supplies and proceeded to the aisle where the children's books were located. Mrs. Lee fell while reaching for a book. As a result of the fall, Mrs. Lee sustained a concussion and a neck injury. The cause of the fall is contested by the parties.

JUDGMENT NOTWITHSTANDING THE VERDICT
In the motion for JNV, the plaintiffs contended Dulaney v. Travelers Insurance Company, 434 So.2d 578 (La.App. 1st Cir.1983) was authority for excluding contributory negligence as an affirmative defense in all "slip and fall" cases. The trial court agreed and awarded full damages despite the jury verdict assessing Mrs. Lee with 50% contributory negligence. K-Mart contends this ruling was error because (1) the statements relied on in Dulaney are dictum; (2) the dictum in Dulaney is not a correct statement of law; and (3) Dulaney is factually distinguishable from the instant case.
Mrs. Lee was in the shopping area of a self-service store when the accident occurred. Her duty to discover potential dangers in her pathway was substantially reduced because the shopping area, by design, required her to focus her eyes upon the display cases rather than on the walking surface. However, if Mrs. Lee's version of events is accepted by the finder of fact in the trial court, then, by her own admission, she observed books on the floor in the area where she subsequently fell. Mrs. Lee observed a potential danger in her pathway (even though she may not have had a duty to look for it) but, nevertheless, proceeded to the place where the potential danger was located and slipped and fell (possibly as a result of the danger). This case is distinguishable from the ordinary "slip and fall" where the injured party did not observe the potential danger and was under no legal duty to do so. Mrs. Lee's contributory negligence is not in failing to see what she should have seen, but in failing to take reasonable precautions to avoid a potential danger after she saw the danger. In this factual posture, contributory negligence is applicable. When a person actually knows of a potential danger, he (or she) must take reasonable steps to avoid the danger. Rapattoni v. Commercial Union Assurance Company, 378 So.2d 953 (La.App. 3rd Cir.1979); Alford v. Pool Offshore Company, 661 F.2d 43 (5th Cir. 1981). The ruling of the trial court was in error in granting the JNV.
K-Mart also questions the validity of the jury verdict in several assignments of error.

CHALLENGE FOR CAUSE
K-Mart contends the jury was improperly constituted when the trial court overruled its challenge for cause of a prospective juror, Thomas Tillman. K-Mart used a peremptory challenge to exclude Mr. Tillman and lost the right of using this peremptory challenge on another juror.[1] K-Mart based its challenge for cause on La.C.C.P. art. 1765(2) which provides a juror may be challenged for cause "[w]hen the juror has formed an opinion in the case or is not otherwise impartial, the cause of his bias being immaterial."
Voir dire examination elicited from Mr. Tillman the fact that his wife had been in an automobile accident and had a continuing disability as a result. Although Mr. Tillman indicated he was willing to try very hard to be fair and impartial, his responses show he was biased and could not be impartial on the issue of quantum. Plaintiffs attempted to rehabilitate Mr. Tillman but were unsuccessful. This bias justified a challenge for cause, and the trial court abused its discretion in refusing to excuse Mr. Tillman on K-Mart's challenge for cause.
This assignment of error has merit.

ADMISSIBILITY OF EVIDENCE OF CASH REGISTER RECEIPTS TO ESTABLISH VOLUME OF BUSINESS
During the trial, counsel for the plaintiffs called Yvette Cox as a witness *612 under cross-examination. Cox testified that on the date of the accident in 1980, she was working in the K-Mart store as an area supervisor. Subsequently, at an unspecified date in 1981, she became an assistant manager and remained in that position until sometime in 1983 when she became a merchandiser. One of her duties when she was an assistant manager was to check the daily cash register receipts. During her cross-examination, she was asked if she had "any idea how much K-Mart grosses in a day there, at that store". Counsel for the defendant objected to the relevance of this testimony. Counsel for the plaintiffs responded this evidence was relevant on the issue of the reasonableness of the measures taken by K-Mart to protect its customers from foreign objects on the store floor. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486, 488 (La.1976) wherein the following appears:
The circumstances that determine the reasonableness of protective measures include the type and volume of merchandise, the type of display, the floor space utilized for customer service, the nature of customer service, and the volume of business. [Emphasis added].
Plaintiffs' counsel asserted the evidence (gross sales) would show volume of business. Counsel for the defendants responded that volume of business meant "the number of people coming into the store" and the evidence sought would not show that. The trial court overruled the objection.
In Ketcher v. Illinois Central Gulf Railroad Company, 440 So.2d 805, 810 (La. App. 1st Cir.1983), writs denied, 444 So.2d 1220, 1222 (La.1984), appears the following:
Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. State v. Ludwig, 423 So.2d 1073 (La.1982). Whether evidence is relevant is within the discretion of the trial judge and his ruling will not be disturbed on appeal in the absence of a clear abuse of this discretion. State v. Chaney, 423 So.2d 1092 (La.1982).
See also Arledge v. Bell, 463 So.2d 856 (La.App. 2nd Cir.1985); Moore, Romero & Co. v. Nan Corporation, 458 So.2d 675 (La.App. 3rd Cir.1984).
The testimony of Cox does not show gross sales, only daily cash register receipts. The daily cash register receipts do not show refunds or losses. The daily cash register receipts do not reflect the number of customers in the K-Mart store. (Obviously, number of customers and net profits would be relevant on the issue of volume of business.) Further, Cox did not testify about daily cash register receipts at the time of the accident in 1980. Her testimony was limited to the receipts on the opening day of the store in 1979 and the time when she was an assistant manager from 1981 to 1983. However, we cannot say that this evidence of cash register receipts does not have any tendency to show the economic ability of K-Mart to provide protective measures. In this posture, we cannot say the trial judge clearly abused his discretion.
This assignment of error is without merit.

EVIDENCE OF OTHER ACCIDENTS
Evidence of prior accidents or the lack thereof is admissible to show whether a thing or place which caused injury was dangerous and/or whether the defendant had knowledge of the dangerous condition. Ketcher, 440 So.2d at 810-811. At issue in the instant case is whether evidence of subsequent accidents or dissimilar accidents is admissible for a relevant purpose. The weight of authority in the United States appears to be that evidence of other similar accidents (prior and subsequent) is admissible to (1) show the existence of a dangerous physical condition, situation or defect, Walsh v. Whitney Nat. Bank of New Orleans, 4 So.2d 553 (La.App.Orl. 1941), (2) show a continuing defect or condition, or a continuing course of negligent action or conduct caused injury, (3) show the cause of the accident or injury and (4) *613 rebut a claim of impossibility, Auzene v. Gulf Public Service Co., 188 So. 512 (La. App. 1st Cir.1939). E. Cleary, McCormick's Handbook of the Law of Evidence, § 299, pp. 473-476 (2nd ed.1972); 65A C.J.S. Negligence § 234, pp. 645-654 (1966); 1 S. Garde, Jones on Evidence, § 420 (6th ed.1972); 29 Am.Jur.2d Evidence, §§ 305-309, pp. 350-355 (1964). Prior other accidents are relevant to show knowledge or failure to take precautionary measures; subsequent other accidents are not relevant to show knowledge or failure to take precautionary measures; subsequent other accidents are not relevant for these purposes. However, evidence of other accidents is only relevant where such accidents are closely related in circumstances to the accident, injury or hazard in the instant case. Lincecum v. Missouri Pacific Railroad Company, 452 So.2d 1182 (La.App. 1st Cir.1984), writ denied, 458 So.2d 476 (La.1984); Wilson v. Aetna Casualty and Surety Company, 401 So.2d 500 (La.App. 2nd Cir.1981); Keen v. Pel State Oil Company, Incorporated, 395 So.2d 866 (La. App.2nd Cir.1981), writ denied, 401 So.2d 355 (La.1981); Miller v. Employers Mutual Liability Insurance Company of Wisconsin, 349 So.2d 1353 (La.App. 2nd Cir. 1977), writs denied, 352 So.2d 235 (La. 1977). Thus, to be relevant the other accident should occur at substantially the same place and under substantially the same conditions and must be caused by the same or a similar defect, danger, act or omission. Evidence of other accidents occurring at substantially different places or under different circumstances or conditions is irrelevant and inadmissible.
Yvette Cox was allowed (over objection) to testify about an accident where an elderly woman who had suffered a stroke was left alone leaning on a shopping cart by her son and daughter-in-law and fell when the shopping cart gave away. This incident occurred by the front door of the store. (The record does not reflect when this incident occurred.) Obviously, this is not a similar accident because it did not involve a foreign substance or object on the floor which caused a shopper to "slip and fall". Admission of this evidence was error.
Cox was then allowed to testify about an accident where a lady fell on the concrete on the driveway outside of the store. (The record does not reflect when this accident occurred.) This is not a similar accident because the accident occurred outside the store. The duties of store owners and shoppers outside the shopping area are different from the duties inside the shopping area. Bolin v. National Tea Company, 359 So.2d 690 (La.App. 1st Cir.1978), writ denied, 362 So.2d 577 (La.1978). Further, Cox's testimony does not establish what caused the lady to fall. Finally, Cox indicated she was not present when this accident occurred and, thus, her source of knowledge of the accident is information from third persons and hearsay. Admission of this evidence was error.
Cox then testified about an accident she observed when a young, mentally retarded girl fell in the stationery department. (The record does not reflect when this accident occurred.) Cox's testimony does not show what caused the girl to fall. A necessary predicate to the introduction of other accident evidence is that the cause of the accident was the same or similar to the accident in the instant case. Failure to establish this predicate renders the evidence inadmissible. Admission of this evidence was error.
Plaintiffs contend the above evidence was admissible to impeach (apparently by contradiction) the testimony of Cox and Parrott. As indicated above, the evidence is irrelevant. It is well settled that witnesses cannot be impeached on collateral and irrelevant matters. La.R.S. 15:494; State v. Rittiner, 341 So.2d 307 (La.1976); State v. Paul, 439 So.2d 610 (La.App. 1st Cir.1983).
This assignment of error has merit.

ADMISSIBILITY OF SUIT RECORDS TO PROVE OTHER ACCIDENTS
Defendant also claims it was error to admit suit records to prove other accidents. *614 Without going into the question of admissibility of suit records for that purpose, the accidents which the records were used to prove were inadmissible for the reasons given above. This assignment also has merit.

ADMISSIBILITY OF EVIDENCE OF FOREIGN SUBSTANCES AND OBJECTS ON FLOOR AFTER MRS. LEE'S FALL
Julius Bombet, a staff investigator for the plaintiffs' attorneys, was allowed to testify over objection that on May 20, 1982, at 1:30 p.m., he went to the K-Mart store. Mrs. Lee showed Bombet where she fell and Bombet observed a book on the floor in that general area. Bombet also observed a game on the floor in another aisle and a pink liquid on the floor in a third aisle. Bombet took photographs of the book, game and liquid which showed the aisles and areas where he observed them. These photographs were allowed into evidence over objection.
Dennis R. Howard, an expert safety consultant, was allowed to testify over objection that he went to the K-Mart store on November 1, 1982. Mrs. Lee showed him where she fell. Howard noted several items on the floor that could have presented slipping hazards, but he did not make a note of what these items were. Howard returned to the K-Mart store at 10:40 a.m. on May 16, 1983, and remained until 11:40 a.m. Howard went to the children's book area and observed a swimming pool with a five foot diameter obstructing the aisle. He also observed a child's toy with wheels on the floor. During the hour that Howard was in the store, tissue paper, plastic straws, cellophane and several smaller pieces of debris accumulated on the floor. Howard did not observe any cleaning being performed. In other areas of the store, Howard observed water, dirt from potted plants and other items on the floor.
K-Mart contends the above evidence is irrelevant and prejudicial. K-Mart further asserts the photographs were taken too long after the accident to be admissible and do not accurately reflect the condition of the aisle when Mrs. Lee fell.
In their petition, the plaintiffs allege K-Mart was negligent by failing "to make reasonable inspections to insure that the floor of the store was in such a condition that it would be of no risk and cause no harm to customers." K-Mart denied this allegation. In Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685, 687 (La.1984), the Court observed that a store operator has a "twofold duty to discover and to correct dangerous conditions reasonably anticipated in its business activity" and "lack of inspections and other preventive measures results in the failure to discover dangerous conditions and contributes substantially to the causation of the ensuing fall and injury." Yvette Cox testified the floor maintenance and inspection procedures were the same from the time the store opened for business in November of 1979 until the time of trial in May of 1983. The plaintiffs were not required to rely solely on the testimony of K-Mart employees to test the adequacy of K-Mart's inspection procedures. Since those procedures were the same on May 20, 1982, November 1, 1982, and May 16, 1983, as they were on October 13, 1980, evidence of those procedures (or lack thereof) on the later dates is independently relevant to show how effective the procedures were on the earlier date. Since this evidence has direct relevance, the admissibility of photographs of what was observed is not controlled by the proximity of the date of the photographs to the date of the accident. The rulings of the trial court on this evidence were correct.
These assignments of error are without merit.

JURY INSTRUCTIONS K-Mart contends on appeal the trial court erred in giving repetitious, confusing, misleading and incorrect jury instructions. K-Mart also contends the trial court erred in omitting special jury instructions it submitted which contained essential legal principles applicable to the case.
*615 K-Mart argues the placement of its special jury instruction No. 2 on burden of proof, after plaintiffs' special jury instructions Nos. 1, 2, 3 and 5 on K-Mart's duty, implies K-Mart had the burden of going forward with evidence to prove it exercised reasonable care and made reasonable efforts to keep objects off the floor. K-Mart also argues that plaintiffs' requested instructions are taken directly from Kavlich v. Kramer, 315 So.2d 282 (La.1975) and Gonzales, 326 So.2d at 488, and are correct statements of the law applicable in "slip and fall" cases. Secondly, these instructions are not repetitious and serve to fully expound on the duty owed by a store owner. Although it might be more orderly to discuss burden of proof with the jury before discussing the defendant's duty, we cannot say that not doing so was prejudicial error.
K-Mart argues that plaintiffs' special jury instructions Nos. 7 and 8 on the shifting of the burden of proof are incorrect statements of the law. Before the burden of proof shifts to K-Mart, plaintiffs must show that Mrs. Lee did not see the foreign substance or object on the floor. Gonzales, 326 So.2d at 488. This element of plaintiffs' burden of proof is not contained in these instructions and, thus, the instructions are incorrect statements of the law. However, this error was cured when the trial court gave K-Mart's special jury instruction No. 2, which included that statement.
K-Mart argues that plaintiffs' special jury instructions Nos. 9 and 10 on adequate protective measures are incorrect statements of the law. Instruction No. 9 is taken directly from Gonzales, 326 So.2d at 488, and was properly given by the trial court. Instruction No. 10 was not objected to by K-Mart at trial. La.C.C.P. art. 1793[2] provides, in pertinent part, as follows:
A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection.
Because K-Mart failed to timely object to instruction No. 10, it cannot now raise this objection on appeal. Dunaway v. Rester Refrigeration Service, Inc., 428 So.2d 1064 (La.App. 1st Cir.1983), writs denied, 433 So.2d 1056, 1057 (La.1983).
K-Mart argues that plaintiffs' special jury instructions Nos. 4, 6 and 11 are not statements of law, but are comments on the evidence by the trial judge which are prohibited by La.C.C.P. art. 1792[3] which provides as follows:
In his charge to the jury the judge shall instruct the jurors on the law applicable to the cause submitted to them, but he shall not recapitulate or comment upon the evidence so as to exercise any influence upon their decision as to the facts.
Although K-Mart raised objections at trial to these instructions, its objections were general and did not specifically assert the objection now raised on appeal. La.C.C.P. art. 1793 requires an objection to state the basis of his objection. Gryder v. Travelers Insurance Company, 193 So.2d 532 (La. App. 1st Cir.1966). The purpose of this requirement is to give the trial court an opportunity to reconsider its decision and timely correct any error. Lea v. Baumann Surgical Supplies Inc., 321 So.2d 844 (La.App. 1st Cir.1975), writ denied 325 So.2d 279 (La.1976). Since K-Mart made only general objections and did not raise the specific ground now being raised on appeal, it has failed to comply with the requirements of La.C.C.P. art. 1793 and may not now complain on appeal. Lea, 321 So.2d at 857; Gryder, 193 So.2d at 534.
K-Mart contends the trial court erred by refusing to give its special instruction No. 3 which would have explained to the jury one of its primary defensesthat the foreign substance had not been on the floor for a sufficient period of time to *616 constitute constructive notice of its presence. In Brown, 452 So.2d at 686-687, the Supreme Court ruled "[t]he critical effect of the partial shifting of the evidentiary burden was the virtual elimination of proof of actual or constructive knowledge as an element of plaintiff's case" and "[t]he more appropriate inquiry is whether the store operator took reasonable steps to fulfill its twofold duty to discover and to correct dangerous conditions reasonably anticipated in its business activity." According to Brown, K-Mart's constructive notice was irrelevant, and no prejudice occurred when the trial court refused to give K-Mart's special jury instruction No. 3.
K-Mart contends the trial court committed error by not giving its requested special jury instruction No. 8 on obvious conditions. Initially, we note the requested instruction is not a completely accurate statement of the law for "slip and fall" cases. The cases cited as authority by counsel for K-Mart are not "slip and fall" cases. Further, the concept contained in instruction No. 8 is adequately covered by the instructions on contributory negligence and assumption of risk given by the trial court. A trial court need not give requested special charges when the subject matter thereof is covered in the general charge. Lincecum, 452 So.2d at 1191; Webb v. Insurance Company of North America, 396 So.2d 508 (La.App. 3rd Cir.1981).
K-Mart argues plaintiffs' special jury instructions Nos. 30 and 31 violate La.C.C.P. art. 1792 because they are not statements of the "law applicable" to the case, but rather are "comment(s) upon the evidence." This ground of objection is raised for the first time in brief on appeal. As such, K-Mart has again failed to comply with the requirements of La.C.C.P. art. 1793 and has waived its right to complain.

FORM OF JURY VERDICT
K-Mart contends the trial court's special verdict form submitted to the jury on the issues of Mrs. Lee's contributory negligence and assumption of the risk violated La.C.C.P. art. 1811.[4] Specifically, K-Mart argues the trial court erred by adding the language "which would operate to reduce her claim for damages" to the question concerning Mrs. Lee's contributory negligence and "so as to bar plaintiffs from recovering anything" to the question concerning Mrs. Lee's assumption of the risk. K-Mart contends additional language was unnecessary and prejudicial.[5]
The form of a verdict is within the discretion of the trial judge. Courtney v. Winn-Dixie Louisiana, Inc., 447 So.2d 504 (La. App. 5th Cir.1984), writ denied, 449 So.2d 1359 (La.1984). The provisions of La.C. C.P. art. 1811 (prior to its amendment in 1983) do not prohibit the addition of such language and K-Mart does not contend the additional language is an incorrect statement of the law.[6] Under these circumstances, the trial judge did not abuse his discretion.

LOSS OF CONSORTIUM
K-Mart contends the trial court committed error by submitting to the jury, and allowing recovery for, Mr. Lee's claim for loss of consortium. (Plaintiffs' special instruction No. 33).
Mrs. Lee's accident occurred on October 13, 1980. The cause of action for loss of consortium was not created until the passage of Act 202 of 1982 which amended La.C.C. art. 2315 effective September *617 10, 1982. Act 202 created a new cause of action, was substantive and cannot be applied retroactively. La.C.C. art. 8; Evans v. Cajun Electric Power Cooperative, Inc., 471 So.2d 965 (La.App. 1st Cir. 1985); Abadie v. Commercial Union Insurance Company, 464 So.2d 979 (La.App. 4th Cir.1985); Coates v. Owens-Corning Fiberglas Corporation, 444 So.2d 788 (La. App. 4th Cir.1984); Tessier v. H.S. Anderson Trucking Co., 713 F.2d 135 (5th Cir. 1983).
This assignment of error has merit.
The jury awarded Mr. Lee a lump sum of $10,000. In the petition, Mr. Lee claimed damages for loss of consortium and medical expenses. At the trial, Mr. Lee presented evidence showing medical expenses of $12,138.09, drug expenses of $227.56 and children day care expenses of $513. These expenses total $12,878.65. Because this award was not itemized in the jury verdict, we do not know how much the jury allocated for loss of consortium or how many (or much) of the other expenses were disallowed. (The jury may have found that some of the expenses were not related to the K-Mart accident.)

DECREE
We have determined that the trial court erred in granting a JNV. We must, therefore, set aside the JNV and consider the validity of the original jury verdict. We have also determined the trial court committed errors in both jury selection and the admissibility of evidence. However, except for its instruction on consortium the jury instructions given by the trial court adequately instructed the jury on the applicable law. Consequently, our duty is to review the record and affirm the jury verdict if it is supported by the admissible evidence. Stark v. Kelly, 435 So.2d 552 (La. App. 1st Cir.1983), Bush v. St. Paul Fire and Marine Ins. Co., 264 So.2d 717 (La. App. 1st Cir.1972). Our review of the record indicates this is the case. Even though the jury was erroneously instructed it could grant Mr. Lee damages for loss of consortium, the award given was a general damage award of $10,000. The record will support a jury verdict in this amount to Mr. Lee for medical expenses. Even though a peremptory challenge was used to excuse a juror who should have been excused for cause there is no evidence of jury misconduct nor that impartial justice has not been done. Nothing in the record indicates the verdict should not be given full weight as the fair and impartial finding of the trier of fact. Bossier v. DeSota General Hospital, 442 So.2d 485 (La.App.2d Cir.1983), Broussard v. Missouri Pac. R. Co., 376 So.2d 532 (La.App. 3rd Cir.1979).
Consequently, we reverse the judgment of the trial court granting a JNV and reinstate the original jury verdict. All trial costs are assessed to appellant.[7] Costs of this appeal are assessed to appellee.
REVERSED AND RENDERED.
LANIER, J., dissents and assigns reasons.
WATSON and CARTER, JJ., dissent for the reasons assigned by LANIER, J.
COLE, J., would affirm the judgment of the trial court granting a JNV, finding no negligence on their part.
WATKINS, CARTER and LANIER, Judges, dissenting.
LANIER, Judge.
We dissent because (1) numerous prejudicial errors in favor of the prevailing party interdicted the jury's findings of fact; (2) the majority has used the wrong standard to review the interdicted findings of fact; (3) the weight of the evidence is so nearly equal that a firsthand view of the witnesses is essential to a fair resolution of the contested factual issues and the case should be remanded for a new trial; and (4) the practical effect of the majority opinion *618 perpetuates, rather than discourages, trial court errors.

VALIDITY OF JURY VERDICT
The majority opinion specifically holds as follows:
Nothing in the record indicates the verdict should not be given full weight as the fair and impartial finding of the trier of fact.
We find this statement amazing because the majority has found correctly that the trial court judge committed seven separate errors in the fact-finding process. Apparently, the majority has held, although not expressly, these seven errors are not prejudicial (did not interdict the jury's verdict).
To determine whether the cumulative effect of these seven errors interdicted the jury verdict, we must first examine each error. The seven errors are recapitulated as follows:
(1) improper overruling of a challenge for cause;
(2) improper admission of evidence that an elderly woman who had suffered a stroke was left alone by her son and daughter-in-law, leaning on a shopping cart by the front door of the store and fell when the shopping cart slipped from under her;
(3) improper admission of evidence that a lady fell on the concrete on the driveway outside the store;
(4) improper admission of evidence that a young, mentally retarded girl fell in the stationery department of the store;
(5) improper admission of a suit record alleging a woman fell over the base for a display stand in the stationery section of the store;[1]
(6) improper admission of a suit record alleging a woman fell on a faulty, dangerous and defective step as she was negotiating the walkway ramp to the store; and
(7) improper admission of evidence of and improper jury instruction on loss of consortium.
The jurisprudence by analogy indicates that the improper admission of the other accident evidence is sufficiently prejudicial to interdict the jury verdict. In Rayford v. Saia Motor Freight Lines, Inc., 442 So.2d 548 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1242 (La.1984), the plaintiffs' son was run over and killed by a truck while he was sleeping intoxicated on a highway at night. During the trial, the defendants were allowed to introduce evidence by various law enforcement officials that there had been previous incidents in which the decedent had been found asleep and intoxicated in the roadway. The jury found for the defendants. On appeal, plaintiffs contended that the admission of evidence of other incidents of sleeping in the roadway intoxicated was prejudicial error that interdicted the jury verdict. This court ruled on this contention as follows:
While we agree the evidence concerning prior incidents of intoxication may have been irrelevant, for reasons explained below, and may have prejudiced the jury, we do not find the introduction of such evidence to necessitate a reversal of the jury verdict. It has been held when evidence has been improperly admitted which might have unduly prejudiced the jury, the appellate court is required to make an independent finding as to liability. Suhor v. Gusse, 388 So.2d 755 (La.1980); Baker v. D.H. Holmes Company, Ltd., 285 So.2d 282 (La.App. 4th Cir.1973); Cambrice v. Fern Supply Co., Inc., 285 So.2d 863 (La.App. 4th Cir.1973). Therefore, based on our independent review of the evidence, we address plaintiffs' other assigned error: whether or not the evidence at trial proved Clavon Smith to be negligent.

*619 After carefully reviewing the record we are satisfied the plaintiffs failed to prove by a preponderance of the evidence Mr. Smith was negligent. We reach this conclusion without regard to certain facts which plaintiffs contend were used to establish Mr. Rayford's contributory negligence. It is irrelevant whether or not Mr. Rayford had a history of alcoholism and whether or not he had slept in the road on other occasions. It is even irrelevant (except to explain how he happened to be in the road asleep) that he was intoxicated the night of the accident. The pertinent facts concerning Mr. Rayford's actions were that he was lying motionless in the middle of the northbound lane of traffic on a rural, unlighted highway at 3:30 A.M. on a foggy night. These are not facts which relate to his contributory negligence but are simply the facts which establish the setting of the accident.
(Underscoring added).

Rayford, 444 So.2d at 550.
In Cambrice v. Fern Supply Co., Inc., 285 So.2d 863 (La.App. 4th Cir.1973), the plaintiffs were allowed to introduce evidence of the defendant truck driver's prior traffic convictions, including many for exceeding speed limits.[2] A material issue at the trial was whether the defendant driver was driving at an unreasonable speed at the time of the accident. The jury found for the plaintiffs. On appeal, defendants contended that the admission of the evidence of prior traffic convictions was prejudicial error that interdicted the jury verdict. The appellate court ruled on this contention as follows:
Evidence of prior traffic convictions is inadmissible; Buras v. Peck, 83 So.2d 783 (La.App.1955). Moreover, its admission is prejudicial. Wigmore observes, speaking in a criminal context, "It is objectionable, not because it has no appreciable probative value, but because it has too much. The natural and inevitable tendency of the tribunalwhether judge or juryis to give excessive weight to the vicious record of crime thus exhibited, and either to allow it to bear too strongly on the present charge, or to take the proof of it as justifying a condemnation irrespective of guilt of the present charge. * * *" Wigmore on Evidence, § 194. This exclusory principle has a "corresponding application" in civil negligence cases, § 199. (Compare §§ 65 and 97.) We conclude that defendants were prejudiced by the improper admission of evidence of prior speeding which might unduly prejudice the jury on the question whether his speed was excessive at the time of the accident sued on.
Because Louisiana courts of appeal review facts, Const, art. 7 § 29, the admission of unduly prejudicial evidence before a jury need not result in a remand; see DeSalvo v. Rizza, 272 So.2d 27 (La.App. 1973), writ refused La., 275 So.2d 781; but see Herbert v. Travelers Indem. Co., 193 So.2d 330 (La.App.1966), writ refused 250 La. 365, 195 So.2d 643, which, in order to allow jury consideration of evidence improperly excluded (though in the appellate record by proffer, C.C.P. art. 1636), remanded so that the later verdict-winner might have the benefit of the so-called "manifest error" requirement for reversal of a jury's fact-finding.
However, where evidence has been improperly admitted which might have unduly prejudiced the jury, the "manifest error" rule ought not to be applied, since it presupposes a competent and unbiased fact-finder. Unduly prejudicial evidence may convert an unbiased jury to a biased one. As in Richardson v. Tate, 269 So.2d 278 (La.App.1972), writ refused 264 La. 257, 271 So.2d 260, 261 (where a jury charge was defective), we conclude we are obliged to make an independent finding, without regard to the jury's, on the question of liability.
(Underscoring added).

Cambrice, 285 So.2d at 864-865.
In Miller v. Employers Mutual Liability Insurance Company of Wisconsin, 349 *620 So.2d 1353, 1357-1358 (La.App. 2nd Cir. 1977), writ denied, 352 So.2d 235 (La.1977), the court specifically found improper admission of evidence of other accidents and injuries prejudiced a jury verdict with the following analysis:
At this point, it is appropriate to discuss the weight being given to the jury verdict by this court, in view of what we find to be error on the part of the trial court in allowing evidence of the occurrence of other back injuries at the plant.
Over the strenuous objection of counsel for defendants, plaintiff's counsel was allowed to cross-examine Debban, the plant manager, concerning his knowledge of numerous other back injuries listed on records of the company. For example, counsel would ask Debban if he knew about a particular back injury to a particular employee on a particular date. The purpose of the line of questioning was stated to be to establish a lack of proper safety procedures in dealing with back injury problems at the plant.
Such evidence was patently inadmissible, having no relevancy to the issues involved in this case. There was no evidence to establish how, when or where the other back injuries occurred or that they were in any way related to the incidents involved in this case arising out of work on the dryer doors and the glue mixer machine. Evidence of prior injuries may under limited circumstances be admissible to show notice of an existing particular hazardous condition, where the prior injuries are closely related in circumstance to the injury or hazard at issue. In the case before this court, the evidence of prior injuries was totally irrelevant. The admission of the evidence could have had a serious prejudicial effect on the jury, suggesting (but certainly not proving) generally unsafe conditions at the plant and a callous disregard by management. It was not shown that the other injuries arose from accidents in any manner similar to those involved in this case, nor that the number of back injuries was unusual at a plant of this size and nature.
The error in admitting the evidence was of such a serious prejudicial nature that it would justify this court in giving little or no weight to the jury's verdict. See Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975). Even though prejudicial evidence was improperly admitted, the duty of the appellate court is not to remand but is to review the facts and render judgment on the merits. La. Const., art. V, § 5; Gonzales v. Xerox Corporation, supra.
Although this court, under the circumstances, is not required to give the usual weight to the jury verdict, we have, in fact, given substantial weight to the jury's findings for the plaintiff in this case. It seems probable that the jury basically believed plaintiff's version where there was a conflict between plaintiff's testimony and that of the individual defendants. This leads us to accept the plaintiff's version in our findings of fact as set forth above.
(Underscoring added).
However, although the court elected to give weight to the jury's fact-findings, it reversed the jury verdict with the following rationale:
Giving weight to the jury verdict (in spite of serious error in the admission of improper evidence prejudicial to the defendants) and viewing the facts in a light most favorable to the plaintiff, this court nevertheless concludes the established facts do not, as a matter of law, give rise to liability on the part of defendants. As to the first accident, the facts do not establish negligence on the part of the defendants, and as to the second accident, the facts establish plaintiff's contributory negligence, barring recovery. We, therefore, reverse the judgment of the district court and render judgment in favor of defendants rejecting plaintiff's demands for damages.
(Underscoring added).

Miller, 349 So.2d at 1355.
It should be noted that Miller predates Ragas v. Argonaut Southwest Insurance *621 Company, 388 So.2d 707 (La.1980) which will be discussed hereinafter.[3]
We believe the improper admission of the five "other accidents" was prejudicial to the jury's fact-finding process on the issue of liability.
The improper admission of evidence and the improper jury instruction on the issue of loss of consortium interdicted the jury verdict on damages for Mr. Lee. Cf. Suhor v. Gusse, 388 So.2d 755 (La.1980). In such a situation, Suhor v. Gusse mandates an appellate court to disregard the jury verdict and make an independent evaluation of damages. The majority has failed to do this.
The cases of Bossier v. DeSoto General Hospital, 442 So.2d 485 (La.App. 2nd Cir. 1983), writ denied, 443 So.2d 1122 (La. 1984) and Broussard v. Missouri Pacific Railroad Company, 376 So.2d 532 (La. App. 3rd Cir.1979), cited by the majority, are factually distinguishable from the instant case. In Bossier, the defendant contended on appeal that the trial court committed error by denying a new trial on the grounds a juror failed to reveal on voir dire the existence of his ongoing representation by counsel for the plaintiffs in another lawsuit. Prior to voir dire, counsel for the plaintiffs advised counsel for the defendant that he represented the juror in question. Counsel for defendant indicated he wished to examine the juror during voir dire and then determine whether or not to challenge for cause or peremptorily. On direct examination by plaintiffs' counsel, the juror admitted said counsel had represented him but indicated this representation would not have any bearing on his ability to give the parties a fair trial. The court disposed of this assignment of error as follows:
The heart of the defendant's complaint concerning this juror is the possibility of partiality based on his representation by the plaintiffs' counsel. The fact that there was an attorney/client relationship between plaintiffs' counsel and the juror was revealed by plaintiffs' counsel prior to voir dire examination and by the juror in answer to plaintiffs' counsel's question on voir dire examination. If counsel for defendant was concerned about the juror's impartiality because of his relationship to plaintiffs' counsel, then it was incumbent upon defendant's counsel to pursue the nature and extent of the relationship in his voir dire examination of the juror, which in this case was most perfunctory. We are unable to discern how the fact that counsel's representation of the juror was in a current matter as distinguished from a concluded matter would affect the possibility of partiality on the part of the juror.
When asked if he had ever been plaintiff or defendant in a lawsuit, the juror replied that he had not, which was later revealed to be an incorrect answer. It should be noted that this same question was asked by counsel to each and every potential juror on voir dire examination and was obviously directed toward the juror's possible bias for or against plaintiffs or defendants or in connection with particular kinds of claims, and was not directed toward the juror's relationship with counsel for plaintiffs in this case. Counsel for defendant elected not to pursue the relationship with plaintiffs' counsel by further questioning and elected not to challenge the juror peremptorily or for cause.
Our review of what transpired in this regard leads us to conclude that although the answer of the juror to the question concerning whether or not he had ever been a plaintiff or defendant in a lawsuit was incorrect, neither the juror *622 nor plaintiffs' counsel intentionally misled defendant's counsel or the court concerning the relationship between the juror and plaintiffs' counsel. We find no jury or juror misconduct in this case indicating that impartial justice has not been done or indicating that the jury verdict should not be given full weight as the fair and impartial finding of the trier of fact.
(Underscoring added).

Bossier, 442 So.2d at 494-495.
In Broussard, the trial court improperly failed to excuse a prospective juror for cause, and the defendant excused him with a peremptory challenge. The jury subsequently selected rendered an unanimous verdict in favor of the plaintiff. A review of the appellate court opinion shows the jury verdict was accorded the presumption of regularity and was reviewed under the manifest error (clearly wrong) standard. This obviously implies the court considered the error was not prejudicial.
If the only error committed in the instant case was that committed in the jury selection process, we would agree that Bossier and Broussard would be controlling. However, the six other prejudicial errors committed herein render those two cases inapplicable.

STANDARD OF APPELLATE REVIEW OF FACTS WHERE A JURY VERDICT IS INTERDICTED
Ordinarily, trial court findings of fact by a judge or jury are reviewed under the manifest error (clearly wrong) standard. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). However, where some legal error (such as improper admission or omission of evidence, erroneous jury instruction or improper jury interrogatory) interdicts the trial court's fact-finding process, the manifest error (clearly wrong) standard is no longer applicable, and the appellate court must make its own independent review of the record and determine a preponderance of the evidence. Suhor v. Gusse, 388 So.2d at 758; Temple v. Liberty Mutual Ins. Co., 330 So.2d 891 (La.1976); Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975). The reason for this latter rule is set forth in Broussard v. State Farm Mutual Automobile Insurance Company, 188 So.2d 111, 114 (La. App. 3rd Cir.1966), writ refused, 249 La. 713, 190 So.2d 233 (1966) as follows:

1. Independent appellate review of facts.
The case was submitted to the trial jury upon special verdicts requiring a special written finding by the jury upon each issue of fact, LSA-C.C.P. Art. 1811, as requested by the plaintiff. For the reasons to be stated below, we think that prejudicial error was committed in the exclusion and in the admission of certain evidence.
We are thus unable to accord the usual weight to the jury verdict. Such findings by the trier of fact are on review usually accepted in the absence of manifest error; this usual rule cannot apply where there is a reasonable possibility that the trial jury's finding was incorrectly based due to prejudicial rulings incorrectly excluding or admitting evidence by reason of which the jury might have reached a contrary verdict.
In commonlaw states, upon finding prejudicial ruling as to evidence, the case would ordinarily be remanded for new trial. This is not the rule in Louisiana. Under our state constitution, ordinarily appellate review in civil cases is "on both the law and the facts". Louisiana Constitution of 1921, Article VII, Section 29. By reason of this constitutional mandate, a Louisiana appellate court will usually decide the appeal on its merits rather than remanding for new trial and new findings by the trier of fact, when the reviewing court is able to make an independent factual determination of the evidence as contained by the complete record of that sought to be introduced at the trial, including that ruled inadmissible by the trial court but nevertheless included in the record for purposes of appellate review, LSA-C.C.P. Art. 1636.

*623 After reviewing the entire record, including a deposition of the plaintiff taken prior to trial which was incorrectly excluded from the evidence submitted to the jury (see below), we have concluded that the preponderance of the evidence supports the jury's special verdicts and that the trial court's judgment should therefore be affirmed.
(Underscoring added).
In the instant case, the majority gave "full weight" to the jury's verdict "as the fair and impartial finding of the trier of fact", despite the commission of seven cumulatively prejudicial errors in the trial court's fact-finding process. The majority did not conduct an independent factual evaluation of the evidence on the issues of liability and quantum for Mr. Lee. By failing to do so and "rubber stamping" the jury verdict, the majority fell into serious error.

REMAND
In Ragas, 388 So.2d at 708-709 appears the following:
Where a finding of fact is interdicted because of some legal error implicit in the fact finding process or when a mistake of law forecloses any finding of fact, and where the record is otherwise complete, the appellate court should, if it can, render judgment on the record.
This is not to say, and Gonzales should not be read to require, that the appellate court must find its own facts in every such case. There are cases where the weight of the evidence is so nearly equal that a first-hand view of witnesses is essential to a fair resolution of the issues. The appellate court must itself decide whether the record is such that the court can fairly find a preponderance of the evidence from the cold record. Where a view of the witnesses is essential to a fair resolution of conflicting evidence, the case should be remanded for a new trial.
Implicit in the Court of Appeal's affirmation of the directed verdicts in favor of the anesthetist, the recovery room nurse and the hospital was its conclusion that plaintiff's claim against them would also have been dismissed on the merits. We have therefore reviewed this ruling, as well as the dismissal of plaintiff's claim against the surgeon on the merits, in order to determine whether the record is such that the Court of Appeal could fairly discern the preponderance of the evidence without viewing the witnesses and whether the resolution of the case was correct. The record is clear that the plaintiff has failed to prove liability against any of the defendants.
(Underscoring added).
See also Steinbach v. Barfield, 428 So.2d 915 (La.App. 1st Cir.1983), writ denied, 435 So.2d 431 (La.1983); Boyette v. Auger Timber Company, 403 So.2d 800 (La.App. 2nd Cir.1981), writ denied, 407 So.2d 731 (La. 1981).
A preponderance of the evidence cannot be fairly determined from the cold record in this case. K-Mart's principal defense on liability is that there was no foreign substance or object on the floor to cause Mrs. Lee to "slip and fall", and, accordingly, she fell for another reason. The weight of the evidence on this issue (on the face of the cold record) is nearly equal, and hearing and seeing the witnesses is essential to resolving this conflict.
Mrs. Lee testified she went to the children's department of the K-Mart store pushing her child in a shopping cart. She saw some books on the floor and saw a box. She looked at one children's book but put it back. She pushed her cart further and reached for a second book when she stepped on something that crinkled, slipped and fell. Mrs. Lee admitted she slipped and fell at the place she previously observed books on the floor. She did not fall across the box she observed.
Jo Ann Edwards testified she was a floor clerk for K-Mart on the day of the accident. She was standing in the aisle adjacent to the one where Mrs. Lee fell. She saw a lady put her arms up and fall over backwards. She heard a clatter like books hitting the floor after the lady fell. She ran *624 over to see what happened. The lady was on the floor with some books around her. There were possibly a half dozen children's books on the floor. She did not know if the books were on the floor prior to the fall. Edwards left the lady and called for help on the public address system. She returned to the lady, but the "managers" were there and they sent her off to do something else. Edwards could not identify Mrs. Lee but did remember the accident. Jewel E. Bond, Jr. testified he lived next door to the Lees, worked with Edwards' father, saw Edwards at the K-Mart coffee shop about a week after Mrs. Lee's accident and Edwards told him about Mrs. Lee's accident.
Dr. Thomas C. Davis testified he saw Mrs. Lee when she was brought to the hospital on October 13, 1980. Mrs. Lee gave a history of slipping on a book in a store and falling.
Harry J. Latiolais, a meter reader for Gulf States Utilities, was shopping in the K-Mart store when the accident occurred. He saw Mrs. Lee falling over backwards. He went to where Mrs. Lee was, saw she was hurt and went for help. After he reported the incident, he went back to Mrs. Lee. He was then asked to go to an office where he gave a statement. He again returned to Mrs. Lee, and she was being put on a stretcher. Latiolais testified at no time did he see anything on the floor around Mrs. Lee but conceded he was not looking for anything because of his concern for Mrs. Lee.
Kim G. Courtney testified she was working for K-Mart on the day of the accident. She was paged about the accident and went to see about Mrs. Lee. She checked Mrs. Lee to see how she was doing. Cox and two other ladies were present. She did not observe Edwards in the area. She did not see any books on the floor and did not see anything that Mrs. Lee could have slipped on.
Yvette Cox testified she was an area supervisor for K-Mart on the day of the accident. She received a call to go to the toy department, and she did so. Betty Nuiseer told her there was an accident, and she went where Mrs. Lee was on the floor. Cox had been in the aisle where Mrs. Lee was about fifteen or twenty minutes before the accident and observed no books or foreign objects on the floor. There were two boxes next to the display counter, but they posed no hazard. There were no books around Mrs. Lee when Cox reached her. Cox did not recall seeing Edwards. Cox got Mrs. Lee's phone number and called Mr. Lee to come to the store. Cox went back and stayed with Mrs. Lee until the ambulance came.
Rhonda P. Sibley testified she was employed by K-Mart on the day of the accident. Prior to the accident, she was working in the aisle where Mrs. Lee fell. In particular, Sibley was putting up Tonka toys. Sibley cleared away the empty boxes the Tonka toys had come in and left the aisle to make a price check. She came back approximately eight minutes later, and the accident had occurred. When she returned, she was told by Betty (no last name given) to keep customers away. When Sibley left the aisle prior to the accident, she did not observe anything on the floor on which Mrs. Lee could have slipped. She did not see Edwards.
Ann H. Parrott testified she was the K-Mart personnel manager on the day of the accident. She was called on the house phone by Betty Nuiseer and told about the accident. Parrott went to the scene of the accident. Cox was already there when she arrived. She did not see anything on the floor but the two boxes. She did not see anything on which Mrs. Lee could have slipped. Parrott called the ambulance. She did not see Edwards.
It is obvious after reviewing this testimony that a view of the appearance and demeanor of the witnesses is essential to a fair resolution of the conflicting testimony. A reasonable determination of the credibility of the witnesses and the weight of the evidence cannot be made from the cold record before us. For these reasons, the jury verdict must be set aside and this cause remanded to the trial court for a new *625 trial. Arledge v. Bell, 463 So.2d 856 (La. App. 2nd Cir.1985).
The cases of Starks v. Kelly, 435 So.2d 552 (La.App. 1st Cir.1983) and Bush v. St. Paul Fire & Marine Insurance Company, 264 So.2d 717 (La.App. 1st Cir.1972), writ denied, 262 La. 1180, 266 So.2d 452 (1972), cited by the majority to support their action in this case, do not do so. Initially, we note Starks, Bush and the majority opinion do not discuss Ragas. (Bush could not discuss Ragas because it predates that decision.) Secondly, the Starks and Bush courts found no prejudicial errors, whereas the majority in the instant case has found seven errors. Specifically, in Starks this court noted "although the trial court improperly allowed the initial question concerning Officer Allain's opinion, the subsequent reply was not responsive and did not give improper opinion evidence." Starks, 435 So.2d at 555. This court also noted in Starks that the assigned error of failure to give a jury instruction on last clear chance was moot because the jury finding that the defendant was not negligent was correct. In the absence of prejudicial error, the manifest error (clearly wrong) standard of appellate review of facts was correctly applied by this court, and no remand was necessary. In Bush, the appellant assigned numerous errors of improper jury instructions. This court ruled as follows:
After a review of these instructions, we conclude that the plaintiff was accorded a meaningful jury trial. A meaningful jury trial includes proper instruction by the court. Adequate instructions are those instructions which fairly and reasonably point up the issues presented by the pleadings and evidence and which provide correct principles of law for the jury's application thereto.... The instructions given by the trial judge adequately accomplished the foregoing purpose and enabled the jury to reach a verdict that was fully supported by both the evidence and law.

Bush, 264 So.2d at 721.

CONCLUSION
The decisions in Turner v. Safeco Insurance Company of America, 472 So.2d 43 (La.App. 1st Cir.1985) and the instant case demonstrate that in civil jury cases the Court of Appeal for the First Circuit of Louisiana will grant no remands for new trials regardless of the prejudicial error committed. We cannot agree to such a policy for several reasons.
In Ragas, the Louisiana Supreme Court set forth the criteria for determining when a remand is appropriate in civil jury cases. The courts of appeal of Louisiana are bound to follow that decision. Pelican State Associates, Inc. v. Winder, 253 La. 697, 219 So.2d 500 (1969); Oliver v. Oliver, 417 So.2d 1278 (La.App. 1st Cir.1982), writ denied, 421 So.2d 1124 (La.1982). Although a Louisiana judge may disagree with a ruling of the Louisiana Supreme Court, he or she is not free to disregard the ruling. State v. Petterway, 403 So.2d 1157 (La.1981); State v. Counterman, 461 So.2d 664 (La.App. 1st Cir.1984), affirmed, 475 So.2d 336 (La.1985). The Ragas criteria for a remand have been met in the instant case.
The majority's dogmatic refusal to remand civil jury decisions for new trials in appropriate cases is contrary to the provisions of the Code of Civil Procedure and the jurisprudence. La.C.C.P. art. 2164 gives this court the power to remand in appropriate cases to render justice. In La-Salle Pump & Supply Co., Inc. v. Louisiana Midland Railroad Co., Inc., 433 So.2d 745, 750 (La.App. 3rd Cir.1982), writ denied, 435 So.2d 450 (La.1983), appears the following:
LSA-C.C.P. Art. 2164 provides that an appellate court may render any judgment which is just, legal and proper. Although the law favors prompt disposition of cases and the avoidance of protracted litigation, under this article an appellate court is empowered to remand a case for a new trial or for introduction of additional evidence to prevent a miscarriage of justice.
See also Mack v. Southern Farm Bureau Casualty Insurance Company, 434 So.2d *626 594 (La.App. 1st Cir.1983), writ denied, 449 So.2d 1346 (La.1984). La.C.C.P. art. 1972 mandates that a new trial be granted by a trial court when a verdict or judgment appears clearly contrary to the law and the evidence. Where a trial court has failed to comply with this mandate, this court will remand for a new trial. Dawson v. Mazda Motors of America, Inc., 475 So.2d 372 (La.App. 1st Cir.1985). If this court will remand for a new trial in such circumstance, we should also remand for a new trial when the Ragas criteria have been met.
Failure to remand for a new jury trial when the initial jury verdict has been interdicted by multiple prejudicial errors in favor of the prevailing party (as in the instant case) and when the weight of conflicting evidence is nearly equal has three undesirable practical effects. First, the incentive to avoid a remand by conducting the trial free from prejudicial error is removed. Secondly, if Ragas is not followed, the appellate court must become the fact finder without the benefit of viewing the witnesses. This destroys the distinction between the fact-finding function of the trial court and the review function of the appellate court. Thirdly, the parties are deprived of their statutory right to a meaningful trial by jury in a civil action.
For the foregoing reasons, we respectfully dissent.
NOTES
[1] K-Mart exhausted all its peremptory challenges during the voir dire.
[2] La.C.C.P. art. 1793 was amended by Acts 1983, No. 534, § 7.
[3] La.C.C.P. art. 1792 was amended by Acts 1983, No. 534, § 7.
[4] By Acts 1983, No. 534, § 8, the subject matter of La.C.C.P. art. 1811 is now contained in La.C. C.P. art. 1812.
[5] The verdict form submitted to the jury on these two questions provides the following:

2. Was plaintiff, Brenda Knight Lee, guilty of contributory negligence which would operate to reduce her claim for damages?
....
3. Did plaintiff, Brenda Knight Lee, assume the risk of this accident so as to bar plaintiffs from recovering anything?
[6] Since neither party questions the legal correctness of the instruction, and since the jury found no assumption of risk, we do not consider whether assumption of risk would legally bar any recovery.
[7] We find no abuse of the trial judge's great discretion in setting expert witness fees and taxing costs. Whipple v. Smith, 428 So.2d 1114 (La.App. 1st Cir.1983), writ denied, 433 So.2d 154 (La.1983).
[1] Neither suit record contains any relevant admissions by K-Mart. The petitions in the suit records are mere allegations of fact. These petitions are not proof of facts. This is obvious hearsay and cannot be used to establish proof of the two other accidents and/or contradict the testimony of Cox and Parrott. Guillory v. Employers Mutual Liability Insurance Company of Wisconsin, 411 So.2d 504 (La.App. 1st Cir.1982).
[2] Apparently, this evidence was not introduced for impeachment purposes. La.R.S. 15:495.
[3] In Lincecum v. Missouri Pacific Railroad Company, 452 So.2d 1182, 1188 (La.App. 1st Cir. 1984), writ denied, 458 So.2d 476 (La.1984), this court found that the improper admission of other accident evidence (the accidents were not described) "was not of such serious prejudicial nature as to require a reversal." We noted, however, that the defendant could not be heard to object to the other accident evidence because he cross-examined a witness "as to any knowledge of prior schoolbus accidents, thereby, opening the door to the evidence after the trial court had previously ruled not to allow prior accidents into evidence." Lincecum, 452 So.2d at 1188.