504 So.2d 152 (1987)
Rubin C. BAILEY, et al., Plaintiff-Appellant,
v.
Dalton R. OLIVER, et al., Defendant-Appellee.
No. 18639-CW.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1987.
*154 Versaggi & Joy by Joseph R. Joy, III, Lafayette, for plaintiff-appellant.
Stafford, Stewart & Potter by Grove Stafford, Alexandria, for defendant-appellee.
Before HALL, C.J., and JASPER E. JONES and LINDSAY, JJ.
LINDSAY, Judge.
This is a products liability case which is before this Court following our grant of supervisory writs to review a pre-trial, evidentiary ruling of the trial court. The plaintiffs, parents of a minor child injured while clearing mud from the intake area of a John Deere 699 cotton picker, seek to correct a ruling of the trial court which prohibits the admission of evidence at trial of other prior, similar accidents. Finding that the trial court erred in ruling that such evidence would be excluded, the decision of the trial court is reversed and the case is remanded for further proceedings.

Background Facts
Plaintiffs' son, Gary Allen Bailey, age 16 at the time of the accident in December of 1979, suffered injuries requiring the amputation of his leg. Plaintiffs' petition alleges that this young man was operating a John Deere 699 two row cotton picker when the intake area became blocked with mud. With the engine running and the gears disengaged, the young man alighted from the cotton picker and began to kick the mud loose. He lost his balance and his foot went into the intake head. He suffered trauma to his leg, necessitating its amputation below the knee.
In their suit, plaintiffs allege that the John Deere 699 cotton picker is a defective machine and that defendant is liable for damages caused by the machine. Other defendants are also named in the suit and their liability is based upon different theories.
As to the defendant, John Deere, plaintiffs' allegations of products liability are based upon several different theories. The petition alleges that the cotton picker was unreasonably dangerous in normal use and that John Deere knew or should have known of latent defects in the machine. Moreover, John Deere failed to warn the users of the machine of certain dangerous conditions. Last, the petition alleges that the cotton picker was defective in design and/or manufacture in that the cotton picker did not have a "dead man" switch or cut-off switch that would shut off the cotton picking unit of the machine when the operator left the operator's seat of the machine.
On August 12, 1986, counsel for John Deere filed a motion in limine in which he sought a pre-trial ruling on the admissibility of evidence of other accidents. Specifically, John Deere requested, in part, that "all evidence concerning other accidents concerning John Deere cotton picker machines, whether occurring before or after the accident involved in the instant law suit" be excluded from evidence at the trial on the merits. The plaintiffs contend that this information is necessary to prove various elements of their theory of recovery. The defendant contends that this evidence has no probative value and only proves that other people, through their own negligent behavior, have suffered prior, similar accidents.
At the hearing on the motion in limine, the attorneys for the parties presented oral arguments. Briefs were also filed. No evidence or other factual information was provided concerning the facts or evidence of prior, similar accidents. However, John Deere Corporation stated in answers to interrogatories that there had been several prior complaints and law suits filed against John Deere prior to December 3, 1979 involving injuries to persons operating cotton pickers which it manufactures. These complaints and law suits may be factually similar to the accident which allegedly occurred in this case, although we are unable to make this assessment from the record before us at this time.
*155 On August 20, 1986, the trial court ruled in favor of the defendant and prohibited the plaintiffs from discussing or mentioning any type of evidence concerning other prior, similar accidents involving John Deere cotton pickers. Plaintiffs sought writs, and the trial court stayed further proceedings in the law suit pending a decision by this Court on its evidentiary ruling.

EVIDENCE OF PRIOR SIMILAR ACCIDENTS
In Halphen v. Johns-Manville Sales Corp., 484 So.2d 110 (La.1986), the Louisiana Supreme Court outlined the standards to be applied in products liability cases.
Relying upon Halphen, supra, plaintiffs state that "essentially and non-exclusively," they desire to introduce testimony and evidence of prior, similar accidents to show that, "although the utility of the product outweighs its danger in fact, there was a feasible way to design the product with less harmful consequences," and "... in regard to the failure to use alternative products or design, as in the duty to warn, the standard of knowledge, skill and care is that of an expert, including the duty to test, inspect, research and experiment commensurate with the danger ..." Specifically, plaintiffs intend to introduce testimony through their experts that there was in fact a more feasible and safer way to design the product with less harmful consequences by utilizing a "kill switch" or a "dead man switch."
The jurisprudence, both state and federal, holds that evidence of prior, similar accidents may be extremely relevant in proving the defective and unreasonably dangerous nature of a product. Accordingly, evidence of prior, similar accidents is admissible for the purpose of showing the dangerous nature of a thing or for the purpose of charging the owners or manufacturers with notice of defect, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care and causation. Ramos v. Liberty Mutual Insurance Company, 615 F.2d 334 (5th Cir. 1980); Shively v. Pickens, 346 So.2d 1314 (La.App. 3rd Cir.1977); Miller v. Employers Mutual Liability Insurance Company, 349 So.2d 1353 (La.App. 2d Cir.1977); Keen v. Pel State Oil Company, Inc., 395 So.2d 866 (La.App. 2d Cir.1981); Wilson v. Aetna Casualty and Surety Company, 401 So.2d 500 (La.App. 2d Cir.1981); Ketcher v. Illinois Central Gulf Railroad Company, 440 So.2d 805 (La.App. 1st Cir.1983).
Furthermore, in cases where defective design is alleged, as distinguished from cases in which defective manufacture is alleged, all of the products are designed alike and the history of accidents is relevant and has probative value in showing whether the design in question is unreasonably dangerous. Foster v. Marshall, 341 So.2d 1354 (La.App. 2d Cir.1977).
In order for evidence of prior, similar accidents to be probative of the elements mentioned above, the person presenting such evidence must demonstrate that the conditions operating to produce the accidents were substantially similar to the occurrence in question. The requirement that the prior, similar accident not have occurred at too remote a time is a special qualification of the rule requiring similarity of conditions. Ramos v. Liberty Mutual Insurance Company, supra; Wilson, supra; Lee v. K-Mart Corporation, 483 So.2d 609 (La.App. 1st Cir.1985); Norris v. Bell Helicopter Textron, 495 So.2d 976 (La.App. 3rd Cir.1986). Thus, although the plaintiffs have an element of proof which may be proved by another accident, evidence of the other accident may not be presented until it is shown that the accident in question and the other accident occurred under substantially similar circumstances.
Even when substantial identity of circumstances is proven, the admissibility of prior, similar accident evidence lies within the discretion of the trial judge who must weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues against the factors favoring admissibility. McKinnon v. Skil Corporation, 638 F.2d 270 (1st Cir. 1981); Ramos v. Liberty Mutual Ins. Co., supra.
*156 In this case, the pre-trial determination that evidence of prior, similar accidents would not be admitted at trial was reached before the plaintiffs had an opportunity to establish the similarity of circumstances between the prior accidents and the accident in question. Therefore, we are unable to determine whether the evidence intended to be offered will be admissible at the trial on the merits. The trial court judgment is clearly in error insofar as it apparently holds that evidence of prior, similar accidents is inadmissible for any purpose. If the prior accidents are substantially similar to the accident in question, then the evidence may be presented for any of the purposes outlined above and to prove those issues necessary to meet the guidelines and standards required by Halphen v. Johns-Manville Sales Corp., supra. Certainly, the trial judge, exercising his discretion, may put limits on how the evidence is used and presented in order to avoid jury confusion, unfair prejudice and the unwarranted trial of collateral issues which may be raised.
In a case such as this, where a defendant seeks to limit certain evidence through a motion in limine, the party seeking to offer evidence of similar, prior accidents should furnish to the other party and the court a statement of the events about which evidence will be presented, describing the evidence with such particularity as will enable the trial judge to determine whether the other events are sufficiently similar to the accident in question to be admissible in evidence under the standards referred to above. The party who desires to offer such evidence should also state what he intends to prove by that evidence. Further, either before trial or at the trial on the merits, a proper evidentiary foundation must be presented before the evidence of other accidents is actually presented to the trier of fact.
When the evidence is presented at the trial on the merits, the evidence must consist of competent, admissible evidence under the general rules of evidence. Further, in a jury trial, upon request by either party, at the time the evidence is offered and/or at the time of the judge's final charge to the jury, the trial court shall charge the jury as to the purpose for which the evidence is admitted and the limited purpose for which it is to be considered.
In the instant case, in order to provide the plaintiffs an opportunity to show that the prior accidents were factually similar to the accident in question, this case is remanded to the trial court for a determination of the admissibility of the prior accidents consistent with the views expressed herein.
REVERSED AND REMANDED.